No. 104,883

STATE OF KANSAS, *Appellee*, v. NICHOLAS GENE FLORENTIN, *Appellant*.

(303 P.3d 263)

Opinion filed June 14, 2013.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Evan C. Watson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Defendant Nicholas Florentin was convicted of one count of rape in violation of K.S.A. 21-3502(a)(2) (sexual intercourse with a child under the age of 14), based on evidence that Florentin digitally penetrated a 13-year-old female when Florentin was 19 years old. On appeal, Florentin attacks his conviction, claiming that rape is an alternative means crime and the State failed to present sufficient evidence to establish each means upon which the jury was instructed. This court has recently rejected Florentin's alternative means argument, and, consequently, we affirm his conviction.

Florentin also attacks his sentence, arguing (1) the district court judge abused his discretion when he denied Florentin's motion to depart from the sentence provided for in K.S.A. 21-4643(a)(1)(B), commonly known as Jessica's Law, and (2) a hard 25 life sentence, imposed under Jessica's Law, is a disproportionate punishment for the crime contrary to the prohibitions on cruel and/or unusual punishment found in the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. We hold that Florentin failed to establish that the district court judge abused his discretion in denying Florentin's motion for a departure sentence. We further conclude Florentin, who received an individualized sentence, has failed to construct a valid categorical proportionality argument within the framework of the United States Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), and instead has raised a case-specific argument that he waived by not arguing it in the district court and on appeal. Accordingly, we also affirm Florentin's sentence.

## FACTS AND PROCEDURAL BACKGROUND

On July 1, 2009, the State charged Florentin with two counts of rape, alleging Florentin had sexual intercourse with B.C., a child under 14 years of age, on or about June 5, 2009, and that Florentin was 18 years of age or older at the time.

At trial, Florentin and B.C. both testified that they "dated" during the summer of 2009. At that time, B.C. was 13 years old and

Florentin was 19 years old. B.C. testified that Florentin "fingered" her two times. When asked to elaborate on the term "fingered," B.C. testified that Florentin put his fingers in her vagina. B.C. testified that she willingly participated in the conduct, that she knew Florentin's age, and that she believed Florentin knew her age. B.C. testified that on one or both occasions she grabbed Florentin's hand and put it on her leg.

Florentin testified that he fingered B.C. one time, but claimed that B.C. told him she was 16. Florentin testified he quit talking to B.C. after he found out she was only 14. Called again as a rebuttal witness, B.C. testified she never lied to Florentin about her age.

The district court instructed the jury that it could convict Florentin of rape if it found that he penetrated B.C.'s female sex organ with his penis, his finger, or another object. The jury found Florentin guilty of one count of rape and acquitted him of a second count.

Following Florentin's conviction, the district court judge ordered a sex offender evaluation to be performed by Bruce Nystrom, Ph.D., whose report indicated that Florentin has a 6.6 percent chance of reoffending over the next 5 years. Based in part on this report, Florentin filed a motion for a departure sentence in which he cited several mitigating factors and requested a departure from a Jessica's Law life sentence to a sentence of 78 months' imprisonment. At the sentencing hearing, the district court judge considered Florentin's alleged mitigating circumstances but denied the departure motion, finding no substantial or compelling reasons to depart from the Jessica's Law sentence. As a result, the judge imposed life imprisonment with a minimum term of imprisonment of not less than 25 years. See K.S.A. 21-4643(a)(1)(B).

Florentin timely appeals. This court's jurisdiction arises under K.S.A. 22-3601(b)(1) (life sentence imposed pursuant to K.S.A. 21-4643).

## Rape is Not an Alternative Means Crime

Florentin first challenges his conviction for rape, claiming he was denied his statutory right to a unanimous verdict because the jury

instruction presented alternative means of committing the crime and the State failed to present sufficient evidence of each means. See *State v. Wright*, 290 Kan. 194, 201-06, 224 P.3d 1159 (2010); *State v. Timley*, 255 Kan. 286, 289-90, 875 P.2d 242 (1994). More specifically, Florentin argues that rape of a child under the age of 14 under K.S.A. 21-3502(a)(2) is an alternative means crime because an essential element of the crime—"sexual intercourse"—is defined in a manner that creates three distinct ways of committing rape—by "any penetration of the female sex organ by a finger, the male sex organ or any object." See K.S.A. 21-3501(1). Thus, according to Florentin, the State was required to prove he committed each "means" of penetration upon which the jury was instructed.

In recent cases, we have rejected this same argument and held that, as a matter of law, K.S.A. 21-3502—which incorporates the statutory definition of sexual intercourse from K.S.A. 21-3501(1) as penetration of the female sex organ "by a finger, the male sex organ or any object"—does not create an alternative means crime. Instead, K.S.A. 21-3501(1) merely defines sexual intercourse and describes different factual circumstances by which a defendant might perpetrate the single *actus reus* of the crime—"penetration of the female sex organ." The phrase "by a finger, the male sex organ or any object" does not state material elements of the crime but merely outlines options within a means. Consequently, the jury instruction reiterating these options did not include alternative means of committing the charge of rape. See *State v. Newcomb*, 296 Kan. 1012, 1015-16, 298 P.3d 285 (2013); *State v. Swindler*, 296 Kan. 670, 675-77, 294 P.3d 308 (2013); *State v. Britt*, 295 Kan. 1018, 1027, 287 P.3d 905 (2012).

Moreover, Florentin concedes that the State presented sufficient evidence to establish one count of rape by digital penetration. Hence, there was sufficient evidence to support his conviction, and he was not denied his right to a unanimous verdict.

Finding no merit to Florentin's argument, we affirm the rape conviction.

## Departure Motion

In one of two issues that Florentin raises regarding his sentence,

he contends the district court judge erred in denying his sentencing departure motion because he presented substantial and compelling factors supporting a departure from the life sentence and mandatory minimum hard 25 sentence provided for in K.S.A. 21-4643(a)(1)(B), commonly known as Jessica's Law.

A. *Statutory Considerations and Standard of Review*

Jessica's Law provides that a first-time offender who is 18 years of age or older and convicted of rape as defined in K.S.A. 21-3502(a)(2) (sexual intercourse with a child under the age of 14) must be sentenced to a lifetime sentence with a mandatory minimum of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(a)(1), (d). Mitigating circumstances a judge may consider include, but are not limited to, the following:

"(1) The defendant has no significant history of prior criminal activity.

"(2) The crime was committed while the defendant was under the influence of extreme mental or emotional disturbances.

"(3) The victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor.

"(4) The defendant acted under extreme distress or under the substantial domination of another person.

"(5) The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired.

"(6) The age of the defendant at the time of the crime." K.S.A. 21-4643(d).

In exercising discretion, a district court judge reviews the mitigating circumstances and then weighs those circumstances against the norm defined by the legislature—the circumstances inherent in the crime and the prescribed sentence—and any aggravating circumstances, ultimately determining whether substantial and compelling reasons warrant a departure. *State v. Baptist*, 294 Kan. 728, 734, 280 P.3d 210 (2012); *State v. Harsh*, 293 Kan. 585, 586, 265 P.3d 1161 (2011). Whether a mitigating factor is "substantial" depends on whether it is " 'something that is real, not imagined; something with substance and not ephemeral,' while the term ' "compelling" implies that the court is forced, by the facts of a

case, to leave the status quo or go beyond what is ordinary.' " *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2011) (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]).

When considering whether a defendant has established a substantial and compelling reason to depart from an off-grid sentence, the judge does not "simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances." *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009). Nor is each mitigating circumstance required to sufficiently justify a departure by itself, so long as the collective circumstances constitute a substantial and compelling basis for departure. *State v. Spencer*, 291 Kan. 796, 815, 248 P.3d 256 (2011). But mitigating circumstances do not per se constitute substantial and compelling reasons for departure. *State v. Whorton*, 292 Kan. 472, 476, 254 P.3d 1268 (2011); *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 (2008).

When a district court judge's ruling on a departure motion is at issue on appeal, this court reviews the ruling for an abuse of discretion. *Baptist*, 294 Kan. at 735; *State v. Hyche*, 293 Kan. 602, 605, 265 P.3d 1172 (2011). Abuse of discretion occurs when judicial action

" '(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' " *Baptist*, 294 Kan. at 735 (quoting *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 [2011], *cert. denied* 132 S. Ct. 1594 [2012]).

In this case, Florentin has not argued that the district court judge made an error of law or fact. Rather, he asserts that no reasonable person would have agreed with the judge's decision in light of the mitigating factors he asserted in support of his departure motion.

B. *Consideration of Florentin's Arguments*

In his written motion, Florentin sought a downward departure from a hard 25 life sentence to 78 months' imprisonment. Although Florentin did not explain the methodology for moving from a life

sentence to a sentence of 78 months in prison, it is apparent that the judge would have had to make and justify a double departure in order to legally sentence Florentin as he requested. First, the judge would have had to depart from the Jessica's Law life sentence to the Kansas Sentencing Guidelines Act (KSGA) gridbox for severity level 1 crimes and criminal history I, which provides for a prison term of 147, 155, or 165 months. See K.S.A. 21-3502(a)(2), (c) (rape of child under 14 years of age, without the age disparity that implicates Jessica's Law, is a severity level 1 person felony); K.S.A. 2008 Supp. 41-4704(a) (grid), (d) (KSGA sentence corresponds to gridbox matching crime severity level and criminal history). Next, the judge would have had to depart from the sentence corresponding to that gridbox to one of shorter duration, the 78 months requested by Florentin. See *State v. Gilliland*, 294 Kan. 519, 551, 276 P.3d 165 (2012) (stating district court can depart from Jessica's Law sentence to the applicable KSGA grid box, and "[o]nce the sentence becomes a guidelines sentence, the court is free to depart from the sentencing grid[, but] departure findings must justify both steps"), *cert. denied* 133 S. Ct. 1274 (2013); *State v. Jones*, 293 Kan. 757, 759-60, 268 P.3d 491 (2012) (recognizing that a two-step departure is possible, but all departure procedures must be followed); *State v. Jolly*, 291 Kan. 842, 846-47, 249 P.3d 421 (2011) (in granting motion for departure from application of Jessica's Law, district court is required to first depart to applicable KSGA gridbox before considering further durational or dispositional departure).

In Florentin's written departure motion, he did not explain how he justified the double departure, but he did cite five mitigating factors: (1) his lack of significant criminal history; (2) his age, 19 years, at the time of the underlying crime; (3) the victim's willing participation in the crime; (4) the lack of harm to the victim; and (5) evidence that he has only a low to moderate risk, a 6.6 percent chance, of reoffending over the next 5 years. Defense counsel cited these same factors at the sentencing hearing and also argued that Florentin was not "a sophisticated young man," Florentin did not understand his conduct was considered rape, and the victim's testimony suggested "this just wasn't that big of a deal to her." The

district court judge also heard comments from Florentin before ruling on the motion.

In denying the motion, the district court judge stated:

"The issue before the court on this motion is whether or not there's any substantial and compelling reasons to depart from the Kansas Sentencing Guideline[s]. Defendant is 19. I think that evidence was—was apparent and proved at trial. Defendant put his finger in a young lady under 14 years of age. Of course, consent is not an issue on the guilt phase. I think the court can consider that at this stage, but, I mean, the victim was 13. I don't see that as a substantial and compelling reason alone.

"Dr. Nystrom's report, the 6.6 chance of reoffending, you know, he classified that as a low to moderate chance of reoffending. That doesn't really help. That kind of hurts more than it helps. And combining it with—I don't think that's a substantial and compelling reason to depart. I'm just not—As far as the harm to this 13 year old, you know, didn't bother her. I don't remember the exact testimony, but it was no big deal. Well, you know, that's the whole—that's the whole thing in this case. You've got a young lady. You just—You just don't do this with somebody that age. The legislature set the bar somewhere, and they did so for a reason. I don't really see any of these factors, separate or together, amount to any compelling or substantial reasons to depart from the Kansas Sentencing Guidelines. Having heard the evidence in this case, considering all the arguments—all the arguments in this case, and the briefs of counsel, finds that—no substantial or compelling reasons for departure either taken together or individually[, t]he alleged factors."

While the judge did not specifically mention Florentin's lack of criminal history, the record demonstrates that the judge did refer to the other mitigating circumstances alleged by Florentin. Clearly, each of these factors was appropriate to consider. K.S.A. 21-4643(d)(1) specifically mentions the lack of significant criminal history and K.S.A. 21-4643(d)(6) mentions the defendant's age. Further, the judge's discussion reveals he considered each of the circumstances argued by Florentin and did not reject any of them on the basis it was a legally inappropriate mitigating factor.

Nevertheless, in weighing those factors against the norm defined by the legislature—that is, the circumstances inherent in the crime and the prescribed sentence—the district court judge determined the factors were not substantial and compelling, meaning they did not justify imposing a sentence other than what is ordinary in such a case. While the judge did not elaborate on his reasoning, a judge

is not required to state the reasons a departure motion is denied; the statute only requires the judge to state on the record the substantial and compelling reasons for a departure. See K.S.A. 21-4643(d); see also *Harsh*, 293 Kan. at 587 (" 'Specificity by the district court judge when making his or her determination is not statutorily required' unless the court decides a departure is warranted." [quoting *State v. Plotner*, 290 Kan. 774, 780-81, 235 P.3d 417 (2010)]); *State v. Mendoza*, 292 Kan. 933, 936, 258 P.3d 383 (2011) (upholding denial of departure where district court judge did not expressly consider mitigating factors on the record because it was difficult to conclude that no reasonable person would take the view adopted by the judge).

As we review the district court judge's conclusion that the mitigating factors cited by Florentin were not sufficiently substantial and compelling to persuade the judge to impose the double departure sentence requested by Florentin, our task is not to determine whether we believe a reasonable person, or even most reasonable people, would disagree with the judge's decision. Rather, if only one reasonable person would agree with the district court judge, we must affirm the decision. This is a substantial burden, and one which Florentin has failed to meet. Even though we might individually disagree with the district court judge's decision, we cannot say that the district court judge is the only reasonable person who would deny Florentin's motion for departure.

Indeed, while no two cases present the same combination of mitigating and aggravating circumstances, in several cases this court has affirmed a district court judge's denial of a motion for departure from a Jessica's Law sentence where the offender has cited mitigating factors such as the offender's lack of criminal history, the offender's age, the victim's willing participation, the fact the victim suffered a lower level of harm than typical, or a relatively low risk of reoffending. See, *e.g.*, *State v. Beaman*, 295 Kan. 853, 865-67, 286 P.3d 876 (2012) (affirming denial of Jessica's Law departure motion where 13-year-old victim was raped, defendant had no prior criminal history, he took responsibility in police interviews and at bench trial, he was not a threat to the community, he had shown remorse, he was well-behaved during pendency of trial, and

he was willing to participate in sex offender treatment); *State v. Salinas*, 294 Kan. 743, 744-45, 750, 280 P.3d 221 (2012) (affirming denial of departure motion in Jessica's Law case where mitigating factors were that offender had low mental function, had no criminal history, and had turned 18 years of age just 1 month before offense); *State v. Roberts*, 293 Kan. 1093, 1097-98, 272 P.3d 24 (2012) (affirming denial of Jessica's Law departure motion despite defendant's lack of criminal history and diminished mental capacity and maturity); *State v. Pace*, 292 Kan. 937, 938, 258 P.3d 381 (2011) (affirming denial of Jessica's Law departure motion where mitigating factors included defendant's age of 22 and his mental limitations); *Plotner*, 290 Kan. at 780-81 (affirming decision to deny Jessica's Law departure motion despite defendant's claims he took responsibility for his actions, showed deep remorse, had no significant criminal record, and was relatively young at time crimes were committed); *State v. Trevino*, 290 Kan. 317, 318-19, 322-23, 227 P.3d 951 (2010) (affirming denial of departure motion in Jessica's Law case where 50-year-old defendant had only one prior conviction, which was more than 15 years old, and he claimed a lesser degree of harm than usual to the victim); see also *State v. Mossman*, 294 Kan. 901, 910-11, 281 P.3d 153 (2012) ("An adult, such as Mossman, who comes in contact with a minor, even a seemingly mature minor, is expected to protect the child from the child's poor judgment, not take advantage of that poor judgment.") (recognizing low risk of recidivism—less than 3 percent in 10 years—did not make lifetime postrelease supervision a cruel and unusual punishment); *State v. Ussery*, 34 Kan. App. 2d 250, 259, 116 P.3d 735 (pre-Jessica's Law statutory rape departure; "[a] 13-year-old victim is no more capable of consenting, legally, to sexual activity with an 18-year-old than with a person who is 25 or 40"), *rev. denied* 280 Kan. 991 (2005).

Because we cannot say that no reasonable person would agree with the decision to deny the departure—especially a double departure as requested in the motion—we affirm the district court judge's decision to deny the motion for departure.

CONSTITUTIONALITY OF HARD 25 LIFE SENTENCE

Next, Florentin argues for the first time on appeal that his hard

25 life sentence violates the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights because the sentence is a disproportionate punishment for his crime. In making this argument, Florentin solely focuses on a categorical disproportionality analysis and relies on the decision in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

In limiting his argument to a reliance on *Graham* and categorical disproportionality, Florentine has failed to preserve two potential cruel and/or unusual punishment arguments. First, he has not made a case-specific challenge, another type of Eighth Amendment challenge recognized by the United States Supreme Court and discussed in *Graham*. See *Graham*, 130 S. Ct. 2011, 2021-22, 2037-38 (Roberts, C.J., concurring). This distinction is important because "case-specific and categorical challenges are analytically independent of each other." *State v. Seward*, 296 Kan. 979, 985, 297 P.3d 272 (2013). Second, although Florentin has cited to § 9 of the Kansas Constitution Bill of Rights, he has not discussed the factors that must be analyzed to determine the validity of such a claim. Those factors were defined in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), and we have held that the *Freeman* analysis is distinct from an Eighth Amendment case-specific analysis. See, *e.g.*, *Mossman*, 294 Kan. at 922-25 (discussing and applying *Freeman* and *Graham* and noting differences between *Graham's* framework for an Eighth Amendment case-specific challenge and the *Freeman* analysis).

Consequently, Florentin has waived or abandoned both an Eighth Amendment case-specific challenge and a § 9 challenge. See *State v. Anderson*, 291 Kan. 849, 858, 249 P.3d 425 (2011) (points raised incidentally in a brief and not argued therein are deemed abandoned); *State v. Conley*, 287 Kan. 696, 703, 197 P.3d 837 (2008) (failure to support point with pertinent authority or show why it is sound despite lack of supporting authority or in face of contrary authority is akin to failing to brief issue).

As a result, the only challenge Florentin preserves is a claim that he defines by stating that the Eighth Amendment categorically prohibits a sentence of life without the possibility of parole until 25

years are served for "criminal convictions involving the consensual digital penetration of the victim, who is thirteen years or older, where the offender is under twenty-one years old" and where the act did not "involve force, prostitution or pornography, a weapon, or . . . bodily injury to the victim."

Before we discuss the validity of this claim, we must consider a preliminary argument raised by the State: Did Florentin fail to preserve his Eighth Amendment challenge by not raising the issue in the district court? We considered this same argument in *State v. Gomez*, 290 Kan. 858, 235 P.3d 1203 (2010), and concluded a defendant need not raise a categorical challenge in the district court before presenting the argument on appeal. In *Gomez*, we noted the general rule is that constitutional issues cannot be raised for the first time on appeal. Nevertheless, there are three recognized exceptions to this general rule, and we concluded one—where the newly asserted claim involves only a question of law and determines the case—applied to Eighth Amendment categorical arguments. In reaching this conclusion, we distinguished between a case-specific analysis, which this court has repeatedly held must be raised in the district court because it is inherently factual, and a categorical proportionality challenge, which is not case specific and generally raises questions of law. *Gomez*, 290 Kan. at 862-68.

Nevertheless, for the *Gomez* holding to apply, Florentin must state a categorical argument rather than a case-specific argument. While he purports to do so, in reality he does not. Instead, Florentin identifies classifications or categories that are predicated on case-specific circumstances, including the defendant's and victim's ages, the nature of penetration, the absence of bodily harm to the victim, the lack of evidence that the defendant used force or a weapon, and the fact the crime did not involve prostitution or pornography. We have rejected similar attempts to inject case-specific circumstances into a categorical analysis.

For example, in *Mossman* where the defendant challenged lifetime postrelease supervision in some Jessica's Law cases, the defendant attempted to carve a classification for the range of offenses that was narrower than the category legislatively defined. See K.S.A. 2008 Supp. 22-3717(d)(1)(G) ("[P]ersons convicted of a sex-

ually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."). We refused to consider any characteristic regarding the nature of the offense that was narrower than the elements of Mossman's crime of conviction after noting that in *Graham*, the case upon which Florentin relies, the Court explained a categorical challenge "implicates a particular type of sentence as it applies to an *entire class* of offenders who have committed a *range* of crimes." (Emphasis added.) *Graham*, 130 S. Ct. at 2022-23; see *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, 2463, 183 L. Ed. 2d 407 (2012) (recognizing precedent for "categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty"). Consequently, in *Mossman* we confined our discussion of the constitutionality of lifetime postrelease supervision in Jessica's Law cases to the crime as defined by the statute. *Mossman*, 294 Kan. at 929-30.

In yet another case, *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012), the defendant went even further and narrowed both the classifications of offenders and the offenses from the classifications defined by the legislature. Citing *Mossman*, we rejected the proposed categorizations and, again, considered the challenge in the context of the entire class of offenders who committed the crime, as defined by the legislature. *Cameron*, 294 Kan. at 896-98.

Like Cameron, Florentin attempts to narrow both the class of offenders and the range of crimes in a manner that obliterates the distinction between a case-specific and a categorical analysis. We conclude he has failed to construct a valid categorical proportionality argument under the Eighth Amendment.

Florentin's conviction and sentence are affirmed.

\* \* \*

MORITZ, J., dissenting: I respectfully dissent from the majority's conclusion that the district court did not abuse its discretion in denying Florentin's departure motion. As the majority recognizes, Jessica's Law specifically permits a district court to consider departing from a mandatory hard 25 life sentence in certain circum-

stances. K.S.A. 21-4643(d). Nevertheless, the record indicates the district judge may have misunderstood the parameters of that discretion, despite facts tailor-made for its application.

Notably, B.C. testified that during the summer of 2009, when she was 13 years old, she "dated" 19-year-old Florentin. B.C. told Officer Rebecca Mendoza that she and Florentin "made out" several times, engaged in open-mouth kissing, and that Florentin "fingered" her two times. According to B.C., before each of the two alleged instances of digital penetration, she got into Florentin's truck on her own volition and "grabbed [Florentin's] hand and led him to [her]."

In determining that B.C.'s willing participation in the conduct was not a compelling or substantial reason to depart, the district court acknowledged that it could consider "consent" at the sentencing stage but concluded B.C.'s willing participation was essentially a nonfactor because "the victim was 13." The court essentially applied the same contradictory reasoning to reject Florentin's contention that his age, 19, was a mitigating factor and that the degree of harm in this case was less than usual. The judge stated:

"As far as the harm to this 13 year old, you know, didn't bother her. I don't remember the exact testimony, but it was no big deal. Well, you know, that's the whole—that's the whole thing in this case. You've got a young lady. You just— You just don't do this with somebody that age."

In short, the district court essentially disregarded many of the defendant's proffered departure factors because "[y]ou just don't do" what the defendant did, i.e., commit a Jessica's Law offense.

While the sentencing provisions of Jessica's Law clearly do apply to a 19-year-old man's digital penetration of a 13-year-old girl, however willing the victim might be, the district judge appeared to be operating under the misconception that because such conduct is included within Jessica's Law's harsh penalties, the court could not legally consider those circumstances as a basis for departure. Of course, the circumstances underlying the crime can form the basis for departure. Moreover, the district court's error in failing to consider the lack of harm to the victim or the victim's and the defendant's relative ages as departure factors was compounded by

the district court's failure to mention or consider the defendant's lack of criminal history.

I would conclude that the district court abused its discretion by basing its decision on an erroneous legal conclusion that it could not consider the degree of harm to the victim, the victim's willing participation, and the relative ages of the victim and defendant. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (explaining abuse of discretion standard). Further, I would conclude that when these factors are fully considered, along with the defendant's lack of criminal history, the undisputed testimony that Florentin had a relatively low risk of reoffending, and the other circumstances of the crime, no reasonable person could take the view taken by the trial court.

In that regard, I also take issue with the majority's reliance on this court's prior cases affirming denials of Jessica's Law departure motions where the offender has cited mitigating factors such as the offender's lack of criminal history, the offender's age, the victim's willing participation, the fact the victim suffered a lower level of harm than typical, or a relatively low risk of reoffending.

Simply stated, the factual circumstances of those cases were far more egregious than the factual circumstances here, which the district court characterized as a 19-year-old defendant who "put his finger in a [13-year-old] young lady." Cf. *State v. Salinas*, 294 Kan. 743, 748-50, 280 P.3d 221 (2012) (affirming denial of departure motion in Jessica's Law case where defendant was convicted of committing oral sodomy against 6-year-old autistic child in defendant's care); *State v. Roberts*, 293 Kan. 1093, 1098, 272 P.3d 24 (2012) (affirming denial of Jessica's Law departure motion where 27-year-old defendant was originally charged with 15 counts each of rape and aggravated criminal sodomy for acts he committed with 12-year-old victim within about a 1-year period); *State v. Plotner*, 290 Kan. 774, 780-81, 235 P.3d 417 (2010) (affirming denial of Jessica's Law departure motion where defendant was over 30 years old and was convicted of "inappropriate sexual relations" with three stepdaughters, all of whom were under 14 years of age).

Nor can I agree with the majority's implication that the trial court's decision was somehow made more reasonable because the

defendant's suggested departure to 78 months' imprisonment would have required a double departure—first from the Jessica's Law sentence to the Kansas Sentencing Guidelines Act gridbox sentence (147, 155, or 165 months), and then to a sentence 78 months. Simply because the defendant suggested a departure sentence of 78 months, the trial court was not required to utilize the double departure methodology unless it actually departed to the level suggested by the defendant. Nor does the defendant's request for a sentence that would have required a double departure somehow minimize the trial court's error in refusing to consider the significance of some departure factors and ignoring others.

For these reasons, I would conclude that the district court abused its discretion by failing to properly apply the departure mechanism specifically provided for in K.S.A. 21-4643(d).

BEIER and JOHNSON, JJ., join in the foregoing dissenting opinion.