NOT DESIGNATED FOR PUBLICATION

No. 115,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCISCO ALBANIL-ALVARADO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed January 27, 2017. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*: Francisco J. Albanil-Alvarado appeals the denial of his motion for a downward durational departure from his presumptive sentence of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years. Upon review of his argument and the record, we find no abuse of discretion in the district court's denial of his motion. We affirm.

1

Albanil-Alvarado pleaded guilty to two counts of rape of a child under 14 years of age and one count of aggravated indecent liberties with a child. His victims were two 12-year-old girls and one 14-year-old girl. Pursuant to plea negotiations, the charges pending in case No. 13CR0660 against Albanil-Alvarado were dismissed. Albanil-Alvarado timely filed a motion for downward durational departure. In support thereof, he cited to: (1) his lack of criminal history; (2) his inability to speak English; (3) a lower age of consent in his home country of Mexico; (4) his age and immaturity at the time the crimes were committed; (5) his amenability to treatment; (6) his acceptance of responsibility for his actions; (7) he was new to the Kansas City area; and (8) one of the victims encouraged him to engage in relations with another victim.

The district court denied his motion and sentenced him to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years, pursuant to K.S.A. 2015 Supp. 21-6627(a)(1). On direct appeal, this court found the district court failed to comply with *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), vacated Albanil-Alvarado's sentence, and remanded to the district court for resentencing. See *State v. Albanil-Alvarado*, No. 111,802, 2015 WL 5311922, at *1, 2 (Kan. App. 2015) (unpublished opinion). At resentencing, Albanil-Alvarado renewed his request for a downward durational departure citing the same factors he had previously submitted to the district court. The district court denied the motion finding the mitigating factors presented did not rise to the level of substantial and compelling reasons to depart. Albanil-Alvarado was sentenced to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years.

Albanil-Alvarado timely appealed.

ANALYSIS

*Standard of Review*

An appellate court will not reverse a sentencing court's denial of a departure under K.S.A. 2015 Supp. 21-6627 (Jessica's Law) unless the appellate court determines the sentencing court abused its discretion in considering the mitigating factors and circumstances of the case. *State v. Randolph*, 297 Kan. 320, 336, 301 P.3d 300 (2013). When the defendant does not contend the trial court made an error of law or fact, the appellate court's standard of review is whether no reasonable person would have agreed with the judge's decision in light of the mitigating factors found by the judge. See *State v. Florentin*, 297 Kan. 594, 599, 303 P.3d 263 (2013), *disapproved of on other grounds by Jolly*, 301 Kan. at 322-23. The trial court is not required to make findings or state its reasons when denying a departure request under Jessica's Law. *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014).

*No Abuse of Discretion*

Albanil-Alvarado argues it was an abuse of discretion for the district court to deny his departure motion. An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). He does not contend the district court's decision was based on an error of law or fact; therefore, we only need to consider whether the district court's decision was arbitrary, fanciful, or unreasonable. See *Florentin*, 297 Kan. at 599.

Under Jessica's Law, a first-time offender convicted of rape in violation of K.S.A. 2015 Supp. 21-5503(a)(3) must be sentenced to a term of imprisonment for life with a

mandatory minimum term of imprisonment of not less than 25 years. The sentencing court may grant a durational departure sentence if it finds substantial and compelling reasons to depart following a review of the mitigating factors. *Jolly*, 301 Kan. at 323. There is no formula for the analysis of these factors. As discussed in *Jolly*, K.S.A. 2015 Supp. 21-6627(d)(2) provides a nonexclusive list of mitigating circumstances the sentencing court may consider. The list is nonexclusive, however, so a sentencing court may consider nonstatutory factors as long as they are consistent with the principles underlying the Kansas Sentencing Guidelines Act. *Jolly*, 301 Kan. at 321; *State v. Blackmon*, 285 Kan. 719, 725, 176 P.3d 160 (2008). The statutory factors do not constitute per se substantial and compelling reasons for a departure sentence. See *Jolly*, 301 Kan. at 323-24 (citing *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 [2008]).

Albanil-Alvarado argues four statutory factors were present:  (1) his limited criminal history; (2) his inability to appreciate the criminality of his conduct; (3) the victim was a willing participant to the crime; and (4) his age and immaturity at the time of the crime. He also argues the district court should have considered his acceptance of responsibility, amenability to treatment, the lower age of consent in his home country of Mexico, and the fact he had recently moved to the Kansas City area at the time the crimes were committed as nonstatutory mitigating factors.

The district court considered these factors and found they did not provide substantial and compelling reasons to support Albanil-Alvarado's departure motion. While the district court did not make an explicit finding on the record as to each of the factors cited, it found the reasons were not substantial and compelling and denied the departure motion. Although reasonable persons might disagree as to whether the mitigating factors constituted substantial and compelling reasons to depart, the district court's decision was not arbitrary, fanciful, or unreasonable; therefore, the district court did not abuse its discretion in denying Albanil-Alvarado's departure motion. See *State v.*

*Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 297, 301 P.3d 276 (2013) (no abuse of discretion if reasonable persons could differ as to the propriety of the district court's decision).

Affirmed.