NOT DESIGNATED FOR PUBLICATION

No. 120,771

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON MICHAEL MURPHY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed January 24, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.


PER CURIAM: This is a sentencing appeal by Jason Michael Murphy. Murphy pled guilty to two counts of aggravated indecent liberties with a child. At sentencing, he moved for departure sentences instead of the presumptive Jessica's Law sentences. The district court denied Murphy's motion and imposed the Jessica's Law sentences. Murphy appeals, claiming the district court abused its discretion by denying the departure motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 2017, the State charged Murphy with two counts of aggravated indecent liberties with a child, one count of attempted aggravated indecent liberties with a child, and one count of aggravated criminal sodomy. The charges involved two girls who were under the age of 14 at the time of the offenses. Murphy was over the age of 18. At the time of sentencing, Murphy was 38 years old.

Murphy pled guilty to two counts of aggravated indecent liberties with a child. The factual basis for the pleas established that separately, Murphy knew both girls and their families, and that he touched the girls' vaginas in the privacy of their homes. In exchange for his pleas, the State agreed to dismiss the remaining charges. The district court accepted the pleas and found Murphy guilty.

Based on his pleas, Murphy faced a presumptive sentence of life imprisonment without the possibility of parole for 25 years, on each count, under Jessica's Law. Before sentencing, Murphy moved for a departure from the Jessica's Law sentences to the sentencing grid and an additional durational departure.

At the sentencing hearing, Murphy sought a durational departure from the Jessica's Law sentences by asking the district court to impose a 77-month term of imprisonment on each count to be served consecutively. Murphy argued that a departure to the sentencing grid was appropriate because: he took responsibility for his actions by pleading guilty, he had a troubled childhood, he was bullied in school and dropped out in ninth grade, he suffered from depression and anxiety, he used illegal substances which played a role in the commission of the crimes, he would still be subject to lifetime registration, his criminal history included only one felony, he had a low probability of reoffending based on two sex offender evaluations, and a departure would give him an exit date to plan for his future.

In response, the prosecutor argued,

"It's the State's position that Mr. Murphy is a public safety risk. He's shown that in his own behavior. He's convicted today of two sex offenses against two separate children and shown that when the opportunity arises for him to have access to small girls that this is what he's going to do. . . . Keep him out of this community in a place where he cannot reoffend."

Additionally, the prosecutor read a letter from one of the victims. It stated:

"I was a little girl. He took advantage of my trust and hurt me physically and, worse, mentally. His abuse framed most of my life, especially when it comes to trusting pretty much anyone. He robbed me of relationships, trust, and my self-worth. His actions have caused pain that still scares me."

The district court denied Murphy's motion and sentenced him to two concurrent sentences of life imprisonment without the possibility of parole for 25 years. The district judge explained,

"I don't believe that there are substantial and compelling factors in this case. I don't think that burden's been met.
. . . .
"[T]hese two incidents involve two different victims, two different girls, and I believe they were six years apart from each other, 2011 and 2016. That's significant for the Court, two victims, five years or so apart from each other."

Murphy timely appeals.

ANALYSIS

On appeal, Murphy contends the district court abused its discretion by denying his motion for departure to the sentencing grid instead of imposing the presumptive Jessica's Law sentences.

When reviewing a district court's decision regarding whether the mitigating circumstances warrant a departure sentence under Jessica's law, the appellate court applies an abuse of discretion standard of review. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). In this regard:

> "A district court abuses its discretion when: (1) a ruling is based on an error of law; (2) a ruling is based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based; or (3) a ruling is arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the judge." *State v. Powell*, 308 Kan. 895, 902-03, 425 P.3d 309 (2018).

When the defendant does not contend the district court made an error of law or fact—as in this case on appeal—the appellate court's standard of review is whether no reasonable person would have agreed with the judge's decision in light of the mitigating factors the defendant asserted in support of his motion. *State v. Florentin*, 297 Kan. 594, 599, 303 P.3d 263 (2013), *disapproved on other grounds by Jolly*, 301 Kan. 313.

Sentencing under Jessica's Law, as provided in K.S.A. 2018 Supp. 21-6627, generally provides for a life sentence with a mandatory minimum term of imprisonment of not less than 25 years. The statute, however, expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 2018 Supp. 21-6627(d). In evaluating a request for a departure sentence under Jessica's Law, the sentencing court must determine whether substantial and compelling

reasons exist for a departure "*following a review of mitigating circumstances.*'" *Jolly*, 301 Kan. at 321. "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo and go what is beyond the ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Murphy first argues that one victim was a willing participant in the crime. It is unknown which victim Murphy is referencing. But given the young ages of the two victims and the fact that they were both below the age of consent at the time the sex crimes were committed, Murphy's argument has no merit.

Murphy also argues that a departure was warranted because he accepted responsibility for his crimes and, as a result, the victims were spared from court testimony. Acceptance of responsibility is not a listed mitigating factor in K.S.A. 2018 Supp. 21-6627(d)(2), but it is a factor that district courts may consider. See *Jolly*, 301 Kan. at 328. Of course, by pleading guilty, Murphy also obtained the benefits of the plea agreement. Under the circumstances of this case, this factor carries little weight.

Murphy also argues that a departure to the grid was appropriate because of his limited criminal history. Murphy had a felony conviction for forgery in 2005, multiple misdemeanor and juvenile convictions, and numerous traffic offenses. But his criminal history does not include a person felony. The district court considered Murphy's lack of serious criminal history but commented that "there's a fairly steady pattern of violating the laws." This factor did not constitute substantial mitigation.

According to Murphy, a departure was also appropriate because he had a low risk of reoffending and a life sentence was unnecessary to ensure public safety. In support, Murphy points to two sex offender evaluations he took before sentencing which indicated that he had a 3.9% and 11.8% chance of reoffending within the next five years. On

5

appeal, Murphy argues that the probability would be even lower given that he would spend a significant time in prison even if a departure was granted.

The prosecutor specifically challenged defense counsel's characterization, observing, "He has one of the highest risks to reoffend that I've seen. And, yes, it will drop over time, but it won't go away forever. How he has committed these offenses over time shows us what he's going to continue to do over time." The district court personally reviewed the evaluations. Given the several years between the two sexual offenses in this case, we are persuaded that the evaluations provide limited predictive evidence in mitigation.

Finally, Murphy argues that his life story also supports a departure to the grid. He focuses on having to live with his grandparents, being bullied while he was young, dropping out of school, his use of drugs, and his depression and anxiety. Murphy's unfortunate youth suggests that a difficult life may lead to unfortunate consequences later in life. Still, this mitigation is moderated by the facts of this case which, as described in the one victim's letter, show how her youth was adversely affected due to Murphy's criminal behavior.

In our view, the district court did not find the proposed mitigating factors merited a departure because of the unique circumstances of this case. The district court was confronted with two serious sexual offenses perpetrated against two young girls about five years apart. The mitigating factors asserted by Murphy did not, either individually or together, constitute substantial or compelling reasons to depart given the serious nature and consequences of these two sexual crimes. The district court's decision was reasonable under the circumstances. We are unable to say that no reasonable person would take the view adopted by the district court. See *Powell*, 308 Kan. at 902-03.

Affirmed.

6