NOT DESIGNATED FOR PUBLICATION

No. 122,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELGIN B. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed June 25, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr*., district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

PER CURIAM: Elgin B. Brown pled guilty to several charges arising out of an incident in which he stole a police cruiser and led the police on a dangerous, high-speed chase. Due to Brown's criminal history score of B and the fact he committed his crimes while on parole, his convictions presumptively required prison. The district court granted Brown's request for a downward durational departure which resulted in a shorter prison sentence but denied his request for a dispositional departure to probation. Brown now appeals, arguing the district court abused its discretion by denying him probation because

1

it considered facts not in evidence due to its reference to Brown's records from the Kansas Department of Corrections (KDOC). We disagree because a sentencing court is permitted to consider a broad range of information at sentencing and because the district court denied Brown probation due to the danger Brown's actions posed to the public. Thus, we affirm Brown's sentences.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2018, police stopped a vehicle operated by Brown, and, after discovering four warrants for Brown's arrest, a police officer handcuffed Brown and put him in a patrol car. Brown managed to steal the patrol car and led officers on a high-speed chase, reaching speeds more than 120 miles per hour. The police lost sight of the vehicle, and it was eventually found abandoned in Kansas City, Missouri. Several items of police equipment were missing from the vehicle, including three AR rifle magazines. The handcuffs were not recovered.

The State charged Brown with one count of eluding police, one count of theft, one count of interference with law enforcement, and one count of operating a motor vehicle without a driver's license. As part of a plea agreement with the State, Brown agreed to: (1) plead guilty as charged; (2) imposition of the aggravated prison sentence from the appropriate sentencing guidelines grid box; (3) either return the stolen equipment or, if it was sold, identify the buyers; and (4) pay restitution, costs, and fees. In exchange, the State agreed to join Brown's request for a downward dispositional departure to probation.

At sentencing, the district court noted that Brown had a criminal history score of B and that Brown had committed his crimes while on parole, meaning his crimes would presumptively require prison. Given Brown's criminal history score, the presumptive prison sentence for his primary crime, theft, was (1) aggravated-31 months, (2) standard-29 months, and (3) mitigated-27 months.

2

Consistent with the plea agreement, the State asked the district court to impose the aggravated prison sentence for each count but grant Brown probation from any prison sentence. Brown's counsel made several arguments in support of probation, namely that Brown had accepted responsibility for his crimes by pleading guilty, Brown had spent several months in custody—which was intended to serve as an adequate punitive measure to ensure he would stay out of trouble, and Brown had family support. Counsel concluded by acknowledging the case was not "very palatable given both [Brown's] criminal history and the current allegations." Brown had previously spent a considerable amount of time in prison before his release in 2016. While Brown's parole performance had not been ideal, defense counsel admitted, Brown had "not violated the law since 2016 except for this case." Alternatively, Brown requested a durational departure from the presumptive term of imprisonment.

Almost immediately, the district court denied Brown's request for a dispositional departure, stating:

"All right. Well, Mr. Brown, all I know about your case is what I read in the affidavit. And from what I read in the affidavit, I—I cannot rightfully give you probation. You stole a police car while you were under arrest. I just—I don't get it. I—I just can't wrap my head around that. Not only did you steal the cop car, you go on a high speed chase. You're going 120 miles an hour in a 55 mile an hour zone? You are lucky you did not kill—kill someone, kill multiple people. How do you—I just can't—nothing in my mind can grasp that. Maybe you were scared. Maybe you didn't want to go back to jail, but my job up here is I generally try to follow plea agreements and I try to be fair, but my job up here is also to ensure the safety of the community. And I think if you were in my position looking at somebody who had made this same decision, I think you'd have a hard time doing that also.

"So, you know, I try to give you a break looking at your criminal history because, you know, you made some bad mistakes back in the past, but, man, you didn't even do good after that. You know, I'm looking at your DOC records, you—you've been—you

had the chance to be paroled a long time ago and you get out, you go back in. You—you just can't follow the law. And I don't know if it's just bad decisionmaking or if you have a drug problem or I don't know what it is, but you're—you've gotta improve on decisionmaking 'cause it's just not there.

"So I cannot in my right mind follow this plea agreement. It's just unconscionable to me that a plea like this would have even been offered to you. But, on the other hand, you could have gone to trial and the State, you could have gone to trial, but—was there video of this? Yeah, I think there was because in the affidavit, the trooper watched the video.

"[PROSECUTOR]: Well, it was also—there was also the in car camera from the trooper's car as well. So it was—

"THE COURT: Yeah. So, I mean, you could have gone to trial, but I'm not sure—I understand why you accepted responsibility because you gave the trooper your license. He knew who you were. You were under arrest. So I understand accepting responsibility, but there's some case law out there that tells me that accepting responsibility is not good enough, that I have to find substantial and compelling reasons, which means very out of the ordinary. And I follow this guide right here and when I look at the B box and where you fall, the legislature tells me that it's my job to send you to prison."

However, the district court did grant Brown a durational departure on the theft charge to 24 months in prison and imposed concurrent sentences on the remaining counts. The reasons cited in the journal entry as a basis for departure were Brown's acceptance of responsibility and saving the time and costs of trial.

Brown timely appeals his sentences.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING BROWN'S REQUEST FOR A DISPOSITIONAL DEPARTURE?

On appeal, Brown argues that the district court erred by not departing further and granting his request for a dispositional departure to probation. He also complains the district court improperly relied upon KDOC records in its sentencing decision.

A departure sentence is subject to appeal by the defendant or the State, including when the complaint is that the district court "'did not depart enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014); see K.S.A. 2020 Supp. 21-6820(a); *State v. Cooper*, 54 Kan. App. 2d 25, 27, 394 P.3d 1194 (2017). We review a district court's departure decision for abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). An abuse of discretion occurs "when the judicial action is (1) based on an error of fact, (2) based on an error of law, or (3) unreasonable." 312 Kan. at 710. Brown bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The sentencing judge is required to impose the presumptive sentence set by the revised Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., "unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2020 Supp. 21-6815(a). "The term 'substantial' in the sentencing departure context means something that is real, not imagined, and of substance, not ephemeral." *Morley*, 312 Kan. 702, Syl. ¶ 3. To constitute a compelling reason to impose a departure sentence, the reason must be "one that forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. 702, Syl. ¶ 4. When a district judge grants a departure, the judge must state the substantial and compelling reasons for the departure on the record at the time of sentencing. K.S.A. 2020 Supp. 21-6815(a). A judge is not required to make any findings when denying a request for departure. *State v. Florentin*, 297 Kan. 594, 601-02, 303 P.3d 263 (2013), *disapproved of*

*on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). The reasons which justify a durational departure may not justify a dispositional departure.

Brown argues that the district court made both an error of law and an error of fact, and thus abused its discretion, when it denied his request for a dispositional departure. His chief complaint, relying on *State v. Smith*, 308 Kan. 778, 423 P.3d 530 (2018), is that the district court stated it relied on his KDOC records when those records were not admitted into evidence. This was a mistake of law, Brown argues, because the district court is not permitted to consider facts not in evidence and because the court could not have properly taken judicial notice of the KDOC records. See 308 Kan. at 784; Supreme Court Rule 601B, Canon 2, Rule 2.9(C) (2021 Kan. S. Ct. R. 491) (judge shall only consider evidence presented and facts judicially noticed). Brown then argues that this alleged error caused the district court to commit a mistake of fact because its findings regarding his criminal history are not supported by evidence in the record. The State counters that the district court did not consider Brown's KDOC records in denying his request for probation.

The district court stated it was "looking at [Brown's] DOC records" and Brown "had the chance to be paroled a long time ago," but when he got out, he went back in. The parties ascribe different interpretations to the statement at issue. Brown acknowledges the statement is not explicitly clear but claims it seemed the judge was referencing one or more parole violation sanctions included in his KDOC records. The State believes the judge was noting that Brown "had been denied postrelease, ostensibly because of his actions while in custody."

Our review of the sentencing transcript shows that the district court did not conduct an evidentiary hearing at sentencing. This fact alone distinguishes this case from *Smith*, which involved an evidentiary hearing concerning whether the defendant had wanted to appeal. Admittedly, the district court perhaps implicitly took judicial notice of

6

the presentence investigation report and material from the case file, but it heard arguments and representations from counsel and Brown's allocution without conducting an evidentiary hearing or putting anyone under oath. We see no error despite our presumption that the district court considered all of this when making its sentencing decision because "[a] sentencing court is free to consider a broad range of information about the defendant at sentencing." See *State v. Trautloff*, No. 110,819, 2014 WL 7152345, at *3 (Kan. App. 2014) (unpublished opinion) (relying upon *Williams v. New York*, 337 U.S. 241, 246-51, 69 S. Ct. 1079, 93 L. Ed. 1337 [1949]).

But even if we were to assume that Brown's KDOC records were off limits to the district court, it did not state that it was relying on the records to deny probation, despite commenting on them. Instead, the district court specified that it was not granting Brown probation due to the facts leading to his convictions, particularly that he stole a police car while under arrest and led police on a high-speed chase that created a serious risk of injury or death. It was not an abuse of discretion to deny Brown's request for probation on this ground. There is no indication that the information about Brown's parole performance factored into the district court's decision. We affirm Brown's sentences.

Affirmed.