NOT DESIGNATED FOR PUBLICATION

Nos. 124,845
124,846
124,847
124,848

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY HOYT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Harvey District Court; TIMOTHY J. CHAMBERS, judge. Submitted without oral argument. Opinion filed November 17, 2023. Appeal dismissed.

*Christopher S. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and PICKERING, JJ.


PER CURIAM: Billy Hoyt appeals his sentences in four cases consolidated on appeal. Hoyt claims the district court abused its discretion by not following the plea agreement that called for him to receive a durational departure in each case. He also claims his due process rights were violated because there is no transcript of the joint sentencing hearing. But because Hoyt received a presumptive sentence within the applicable grid box in each case, we lack jurisdiction to review his sentences on appeal.

1

Between October 2019 and December 2020, the State charged Hoyt with crimes in four cases. In 19CR711, the State charged Hoyt with two counts of aggravated sexual battery. In 20CR38, the State charged Hoyt with stalking and two counts of violation of a stalking order. In 20CR189, the State charged Hoyt with aggravated intimidation of a witness, two counts of aggravated domestic battery, aggravated assault, aggravated endangering of a child, and violation of a stalking order. In 20CR551, the State charged Hoyt with one count of distribution of methamphetamine. Because Hoyt was serving a term of probation in four prior cases when these crimes were committed, the State sought to revoke his probation in those cases as well.

The parties eventually entered into a global plea agreement to settle all the pending cases. Hoyt agreed to plead no contest to one count of aggravated sexual battery in 19CR711; one count of stalking in 20CR38; one count of aggravated intimidation of a witness in 20CR189; and one count of distribution of methamphetamine in 20CR551. He also agreed to violating the terms of his probation in the four prior cases. In exchange, the State would dismiss all remaining charges and agree not to file two additional cases. The parties agreed to recommend that Hoyt would serve 60 months' imprisonment in the four probation violation cases and 90 months' imprisonment in the four new cases—for a total sentence of 150 months' imprisonment.

At the plea hearing before Judge Joe Dickinson, the district court accepted Hoyt's no-contest pleas in the four new cases. The district court then addressed Hoyt's probation violation cases and, under the plea agreement, Hoyt admitted to the violations in the cases. The district court asked Hoyt if he wanted to wait until the sentencing for his four new cases or proceed directly to disposition on the probation violations. Hoyt responded that he wanted to go ahead and "dispose of them today." The district court followed the

plea agreement, revoked Hoyt's probation in the four prior cases, and ordered Hoyt to serve a modified sentence of 60 months' imprisonment in the four prior cases.

Before the sentencing hearing in the new cases, Hoyt moved for a durational departure in each new case, urging the district court to follow the recommendation in the plea agreement for a total sentence of 90 months' imprisonment in the new cases, consecutive to the 60-month sentence for the probation violations. Hoyt's motions did not give any substantial and compelling reasons for the district court to depart from the sentencing guidelines.

By the sentencing hearing on November 8, 2021, Judge Dickinson had retired and Senior Judge Timothy J. Chambers presided over the hearing. At the hearing, the State joined in Hoyt's requests for a durational departure, but the district court declined to follow the parties' sentencing recommendations in the four new cases. Instead, the district court sentenced Hoyt to concurrently serve 120 months' imprisonment for aggravated sexual battery in 19CR711; 14 months' imprisonment for stalking in 20CR38; 39 months' imprisonment for aggravated intimidation of a witness in 20CR189; and 130 months' imprisonment for distribution of methamphetamine in 20CR551. These were all presumptive sentences under the Kansas sentencing guidelines based on the severity level of the crimes and Hoyt's criminal history score. The district court ordered Hoyt to serve the controlling 130-month prison sentence in the new cases consecutive to his 60-month sentence in the probation violation cases. So, in the end, Hoyt received a total sentence of 190 months' imprisonment in all the cases instead of the 150-month sentence recommended in the global plea agreement. Hoyt timely appealed his sentences in the four new cases, and this court consolidated the cases on appeal.

ANALYSIS

On appeal, Hoyt claims the district court abused its discretion in denying his motions for durational departure. He also claims that Senior Judge Chambers, who Hoyt refers to as a pro tem judge, abused his discretion when he failed to follow the "law of the case" established by Judge Dickinson who previously agreed to sentence Hoyt according to the global plea agreement in the probation violation cases. The State does not try to address these arguments but asserts that this court lacks jurisdiction to review Hoyt's presumptive sentences. In a reply brief, Hoyt asserts that this court has jurisdiction to review his sentences "because [his sentence] was not entirely presumptive. The probation violation portion of the sentence was modified[.]"

We must first address the State's contention that this court lacks jurisdiction to review Hoyt's presumptive sentences. Kansas courts only have the judicial power to decide matters over which they have jurisdiction. See *State v. Huerta*, 291 Kan. 831, 840-41, 247 P.3d 1043 (2011) ("If subject matter jurisdiction is in question, that issue needs to be resolved first. The merits come second."). The existence of jurisdiction is a question of law subject to unlimited appellate review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). "'Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right.'" *State v. Young*, 313 Kan. 724, 728, 490 P.3d 1183 (2021). To the extent this jurisdiction-based question requires statutory interpretation, a question of law, an appellate court exercises unlimited review. 313 Kan. at 728.

Under K.S.A. 2022 Supp. 21-6820(c)(1), an appellate court has no jurisdiction to review "[a]ny sentence that is within the presumptive sentence for the crime." A "'presumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2022 Supp. 21-6803(q). Hoyt is trying to appeal the presumptive sentences the district court

4

imposed in four cases when the court denied Hoyt's motions for a durational departure. But the Kansas Supreme Court has expressly held that appellate courts lack jurisdiction to consider challenges to the denial of motions for departure sentences because courts lack jurisdiction to consider appeals from presumptive sentences. *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021).

Here, the record shows that the district court sentenced Hoyt within the corresponding presumptive gridbox in all four cases. In 19CR711, the aggravated sexual battery case, the district court denied Hoyt's departure motion and sentenced him to the standard number in the presumptive prison gridbox—120 months. Similarly, in 20CR38, the stalking case, the district court imposed 14 months' imprisonment—the mitigated sentence in the applicable gridbox. In 20CR189, the aggravated intimidation of a witness case, the district court also imposed a presumptive sentence of 39 months' imprisonment, the standard number in the gridbox. Finally, in 20CR551, the distribution of methamphetamine case, the district court imposed a presumptive prison sentence of 130 months' imprisonment, the mitigated number in the applicable gridbox.

Hoyt's contention that his sentences were not presumptive because the probation portion of the sentences were modified is unavailing. Hoyt is not appealing the sentences the district court imposed because of the probation violations. In the four cases that are the subject of this appeal, Hoyt received a presumptive sentence in each case. As a result, we agree with the State's contention that this court lacks jurisdiction under K.S.A. 2022 Supp. 21-6820(c)(1) to review Hoyt's sentences on appeal. This includes Hoyt's claims that the district court abused its discretion by denying the departure motions and failed to follow the "law of the case" when it refused to follow the plea agreement.

As a separate issue, Hoyt claims that his due process rights were violated because there is no transcript of the joint sentencing hearing. When Hoyt's counsel requested a transcript of the joint sentencing hearing held on November 8, 2021, the court reporter

responded that there was no record for this hearing because the "record button was not activated and no recording was made." As a result, this court granted Hoyt's request to stay the appeal and remanded the case to the district court for recreation of the record under Supreme Court Rule 3.04(a) (2023 Kan. S. Ct. R. at 24). On remand, the parties prepared a written "Statement of Proceedings" signed by counsel for each party and approved by the district court. The Statement of Proceedings states that Hoyt's attorney at the sentencing hearing, who is also Hoyt's attorney in this appeal, "was not able to recall the specifics of the sentencing hearing" and "was not able to add anything regarding the sentencing hearing other than what is reflected in the court file and the journal entry."

Now, on appeal, Hoyt argues that "[t]he lack of an accurate and complete record of the sentencing hearing is a violation of [his] due process rights. The case should be remanded for new sentencing." The State responds that Hoyt cannot establish a due process violation because he "cannot make any showing that the lack of a transcript would have changed the appeal." We agree with the State.

The Kansas Supreme Court has recently noted that a defendant has "a due process right to reasonably accurate trial transcripts, and a defendant may be entitled to a new trial if manifestly incomplete or inaccurate transcripts preclude meaningful appellate review." *State v. Frantz*, 316 Kan. 708, 743-44, 521 P.3d 1113 (2022). That said, where a defendant's claim is based on "inaccurate or incomplete transcripts," the defendant "'must make the best feasible showing possible that a complete and accurate transcript might have changed the outcome of the appeal.'" 316 Kan. at 744. "A defendant does not have a constitutionally protected right to a totally accurate transcript of the criminal proceedings." *State v. Holt*, 298 Kan. 531, 538, 314 P.3d 870 (2013).

Here, when Hoyt discovered that a transcript of the sentencing hearing was inadvertently never created, the parties followed the procedure set forth in Rule 3.04(a) to recreate the record. That is the purpose of the rule. Hoyt cannot show that a sentencing

transcript would have affected the outcome of this appeal. Even if the sentencing transcript—rather than the agreed Statement of Proceedings—were available, Hoyt's appeal would still be dismissed for lack of jurisdiction. This is because Hoyt is appealing from presumptive sentences over which this court has no jurisdiction to review. Hoyt complains that the Statement of Proceedings gives no reasons why the district court denied the motions for durational departure. But under Kansas law, a sentencing court is not required to state the reasons a departure motion is denied; the law only requires the court to state substantial and compelling reasons for granting a departure. *State v. Florentin*, 297 Kan. 594, 601-02, 303 P.3d 263 (2013).

Hoyt is trying to appeal from his presumptive sentences under the sentencing guidelines. We have no jurisdiction to review these sentences under K.S.A. 2022 Supp. 21-6820(c)(1). Having a transcript of the sentencing hearing instead of the Statement of Proceedings agreed upon by the parties and approved by the district court would not change the result of this appeal. We must dismiss this appeal for lack of jurisdiction and Hoyt's due process claim does not provide him with any independent basis for relief.

Appeal dismissed.