NOT DESIGNATED FOR PUBLICATION

No. 124,993

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL WILLIAM SCHNEIDER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed February 10, 2023. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Officer, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Michael William Schneider Jr. sought a departure sentence after being convicted of rape, an off-grid felony. His conviction followed his no-contest plea to the charge of rape, consistent with a plea agreement with the State which resulted in other charges against Schneider being dismissed and the State reserving its right to oppose any request for a departure sentence.

Schneider asked the court to depart by not treating his rape conviction as an off-grid felony. Instead, he asked the court to treat his conviction as being controlled by the sentencing grid and to impose one-half of the grid sentence. The district court found that Schneider had not presented substantial and compelling circumstances to warrant a

1

departure from the standard Jessica's Law sentence and sentenced him to life in prison with the possibility of parole after 25 years. Schneider appeals, claiming the district court abused its discretion in denying his requested departure.

Schneider's conviction was for a Jessica's Law offense under K.S.A. 2020 Supp. 21-6627(a) and (d), which expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory Jessica's Law minimum 25-year sentence. If it is the offender's first Jessica's Law conviction, the trial court may depart from the mandatory minimum and impose a sentence under the Kansas Sentencing Guidelines Act if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 2020 Supp. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

When deciding a motion to depart in a Jessica's Law case, the trial court must first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then the trial court determines, based upon all the facts of the case, whether the mitigating circumstances rise to the level of "'substantial and compelling reasons'" to depart from the mandatory minimum sentence. 308 Kan. at 913-14. The district court does not need to affirmatively articulate that it refrained from weighing the circumstances. 308 Kan. at 908.

We review the sentencing court's determination of whether substantial and compelling reasons to depart exist in a Jessica's Law case for any abuse of discretion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable or (2) is based on an error of law or fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

Schneider argues that his sentence was improper because he presented circumstances which fit mitigating factors listed by our Legislature in K.S.A. 2020 Supp.

21-6627(d)(2): (1) he had no criminal history; (2) he accepted responsibility by entering a guilty plea and admitting wrongdoing, saving the cost, time, and victim's emotional turmoil for a trial; and (3) he had been subject to childhood trauma but was amenable to treatment with a below-average risk for recidivism.

Schneider contends, based on a psychiatric report, that he is not likely to reoffend *if* he received therapeutic interventions. But as of the time of the sentencing hearing, Schneider had neither received nor begun any therapeutic interventions, and the State's claim that he was likely to reoffend was accurate as of the time of sentencing. Schneider does not demonstrate—nor even claim—an error of fact in the district court's denial of his departure motion.

Nor does Schneider show that the trial court erred as a matter of law. Schneider cites *Jolly* and *State v. Bird*, 298 Kan. 393, 398-99, 312 P.3d 1265 (2013), in which our Supreme Court recognized mitigating factors—now relied upon by Schneider—which justified the sentencing court granting a departure. But while these cases demonstrate that these mitigating factors can justify a departure sentence, they do not stand for the proposition that failure to grant a departure based on these factors is error.

To the contrary, both this court and our Supreme Court have upheld the denial of a departure sentence under circumstances similar to those in our present case.

In *State v. Klavetter*, 60 Kan. App. 2d 439, 494 P.3d 235, *rev. denied* 314 Kan. 857 (2021), the defendant had no criminal history. Nevertheless, we held the sentencing court's denial of a departure from a Jessica's Law sentence in a case involving aggravated indecent liberties with a child was within the sentencing court's discretion. 60 Kan. App. 2d at 457.

In *Powell*, the defendant had no criminal history, was willing to participate in rehabilitation, was employed, had a supportive family, and told the police the truth during the investigation. Nevertheless, our Supreme Court held that the sentencing court did not abuse its discretion when it denied Powell's departure from a Jessica's Law sentence for a lack of substantial and compelling reasons to depart. 308 Kan. at 917-18.

In *State v. Harsh*, 293 Kan. 585, 587-88, 265 P.3d 1161 (2011), our Supreme Court affirmed the sentencing court's denial of a departure motion in a Jessica's Law case even though the defendant's criminal history was 20 years old and unrelated to the offense of conviction, he accepted responsibility for his actions, and he pleaded guilty to save his victims the trauma of testifying.

In *State v. Plotner*, 290 Kan. 774, 780, 235 P.3d 417 (2010), our Supreme Court affirmed the sentencing court's denial of a departure even though the defendant took responsibility for his actions, showed remorse, pleaded guilty to save the victims from testifying, did not commit sexual acts forcefully against the oldest victim, had no significant criminal record including no sexually motivated convictions, and was relatively young when he committed the crimes of conviction.

In the face of these precedents, Schneider provides no contrary case that holds that the denial of a departure under circumstances similar to his is an abuse of the sentencing court's discretion. Nevertheless, Schneider concludes that the sentencing court's decision not to depart in his case was "a conclusion that no other judge would reach." But the cases described above demonstrate otherwise. We find no abuse of discretion in the district court denying Schneider's departure motion and imposing the standard Jessica's Law sentence for his crime.

Affirmed.