No. 103,491

STATE OF KANSAS, *Appellee*, v. JOHN T. HARSH, *Appellant*.

(265 P.3d 1161)

Opinion filed November 18, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: John Harsh pled nolo contendere to one count of rape for engaging in sexual intercourse with a girl under the age of 14 in violation of K.S.A. 2006 Supp. 21-3502(a)(2), an off-grid person felony. See K.S.A. 2006 Supp. 21-3502(c). Prior to sentencing, Harsh moved for a downward departure from the mandatory minimum sentence under Jessica's Law, K.S.A. 2006 Supp. 21-4643, seeking instead a sentence of 258 months. The district court denied Harsh's motion and imposed a sentence of life imprisonment with a mandatory minimum term of imprisonment of 586 months and lifetime postrelease supervision. Harsh appeals the denial of his departure motion and challenges the imposition of lifetime postrelease supervision. We affirm the district court's denial of Harsh's departure motion but vacate the portion of Harsh's sentence ordering lifetime postrelease supervision.

ANALYSIS

Harsh contends that because he presented substantial and compelling reasons to depart, the district court erred in denying his departure motion. We apply an abuse of discretion standard when reviewing a district court's determination of whether mitigating

circumstances constitute substantial and compelling reasons to depart in a particular case. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d 256 (2011).

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

Under Jessica's Law, a first-time offender who is over the age of 18 and is convicted of raping a child under the age of 14 must be sentenced to life imprisonment with a mandatory minimum term of not less than 25 years unless, because of his or her criminal history score, the defendant "is subject to presumptive imprisonment pursuant to the sentencing guidelines grid for nondrug crimes and the sentencing range exceeds 300 months. In such case, the defendant is required to serve a mandatory minimum term equal to the sentence established pursuant to the sentencing range." K.S.A. 2006 Supp. 21-4643(a)(2)(B). The court is obligated to impose the mandatory minimum term "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2006 Supp. 21-4643(d). The statute provides a nonexclusive list of mitigating factors a district court may consider in determining whether substantial and compelling reasons exist to depart. See K.S.A. 2006 Supp. 21-4643(d).

In determining whether to depart, the district court first reviews the mitigating circumstances, and then determines whether substantial and compelling reasons warrant a departure. *State v. Plotner*, 290 Kan. 774, 780, 235 P.3d 417 (2010) (citing *State v. Spotts*, 288 Kan. 650, 655, 206 P.3d 510 [2009]). We have defined the term "substantial" as " 'something that is real, not imagined; something with substance and not ephemeral,' " while the term "compelling" suggests the court " 'is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.' " *State v. Sew-*

*ard*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]).

When considering departures from an off-grid sentence, "sentencing courts do not simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances." *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009). Nor is each mitigating factor required to sufficiently justify a departure by itself, so long as the collective factors constitute a substantial and compelling basis for departure. *Spencer*, 291 Kan. at 815. "Specificity by the district court judge when making his or her determination is not statutorily required" unless the court decides a departure is warranted. *Plotner*, 290 Kan. at 780-81.

Here, Harsh asserted several mitigating factors in support of his departure motion. He contended that his criminal history was overstated, unrelated to the instant offense, and occurred approximately 20 years prior to his current offense. Harsh also pointed out that he did not dispute the seriousness of the crime, and he promptly accepted responsibility for his actions and pled guilty, thus saving his victims from experiencing the trauma of testifying in court.

The State urged the court to deny the departure, pointing out that Harsh had raped three separate underage girls after befriending their parents and obtaining access to the victims. The prosecutor characterized the case as one of "the most despicable, heinous, horrific set of facts I have ever reviewed."

In several recent cases, we have upheld the sentencing court's denial of a departure motion based on grounds similar to those asserted by Harsh here. See, *e.g.*, *Plotner*, 290 Kan. at 780-81 (upholding sentencing court's decision to deny departure motion despite defendant's claim he took responsibility for his actions, purposefully pled guilty to save his victims from testifying at trial, and lacked prior sexually-motivated convictions); *Spotts*, 288 Kan. at 655-56 (upholding district court's determination that none of the mitigating circumstances asserted by defendant justified departure, including his lack of prior sexually-motivated convictions, his acceptance of responsibility for his actions, his demonstration of re-

morse for his actions, and his no contest plea that saved the victim from testifying at trial); *State v. Trevino,* 290 Kan. 317, 322-23, 227 P.3d 951 (2010) (holding district court did not abuse its discretion in denying departure when defendant's relationship to the victim "was one of great trust," even though defendant had little criminal history); *State v. Robison,* 290 Kan. 51, 55-57, 222 P.3d 500 (2010) (affirming district court's denial of departure despite defendant's presentation of mitigating factors, including insubstantial criminal history, acceptance of responsibility, and demonstration of remorse); *Seward,* 289 Kan. at 716, 721-22 (affirming district court's denial of departure despite defendant's 10-year-old criminal history, acceptance of responsibility, demonstration of remorse, and guilty plea that saved the victim from testifying); *State v. Ortega-Cadelan,* 287 Kan. 157, 162-66, 194 P.3d 1195 (2008) (affirming district court's denial of departure when the extent and impact of defendant's crime outweighed the mitigating factors of defendant's admission of guilt and " 'very little previous criminal history' ").

Here, the district court considered the mitigating factors offered by Harsh, heard statements from the family members of Harsh's victims, and heard the arguments asserted by Harsh and the State. The district court found the mitigating circumstances asserted by Harsh did not justify a finding of substantial and compelling reasons to depart. We conclude reasonable persons could take the view adopted by the district court, and the district court did not abuse its discretion in denying Harsh's departure motion.

Harsh also argues the district court improperly imposed lifetime postrelease supervision instead of lifetime parole. Courts are permitted to correct illegal sentences at any time. K.S.A. 22-3504(1). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. LaBelle,* 290 Kan. 529, 532, 231 P.3d 1065 (2010). Whether a sentence is illegal is an issue of statutory interpretation, which is a question of law subject to unlimited review. *State v. Chavez,* 292 Kan. 464, 465, 254 P.3d 539 (2011).

The terms "parole" and "postrelease" have separate meanings:

"The term 'parole' generally means 'the release of a prisoner to the community by the Kansas parole board prior to the expiration of such prisoner's term.' K.S.A. 21-4602(d). Thus, 'parole' is a term of art that is limited to off-grid crimes, *i.e.*, usually those receiving indeterminate sentences. . . . By contrast, the term 'postrelease supervision' generally means 'release of a prisoner to the community after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision.' K.S.A. 21-4703(p). This term has traditionally been applied to only grid crimes." *Ballard*, 289 Kan. at 1014.

The State concedes that the district court incorrectly interpreted the relevant sentencing statutes in this case. Parole and postrelease supervision are governed by K.S.A. 2006 Supp. 22-3717. Harsh was sentenced in accordance with K.S.A. 2006 Supp. 21-4643(a)(2)(B). K.S.A. 2006 Supp. 22-3717(b)(5) states that "[a]n inmate sentenced to imprisonment pursuant to K.S.A. 2006 Supp. 21-4643, and amendments thereto, committed on or after July 1, 2006, shall be eligible for *parole* after serving the mandatory term of imprisonment." (Emphasis added.)

K.S.A. 2006 Supp. 22-3717(d)(1)(G) states: *"Except as provided in subsection (u),* persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." (Emphasis added.) K.S.A. 2006 Supp. 22-3717(u) states: "An inmate sentenced to imprisonment pursuant to K.S.A. 2006 Supp. 21-4643, and amendments thereto, for crimes committed on or after July 1, 2006, shall be placed on *parole* for life and shall not be discharged from supervision by the Kansas parole board." (Emphasis added.)

Harsh was sentenced pursuant to K.S.A. 2006 Supp. 21-4643 for crimes occurring between September 1, 2006, and February 28, 2007. Because Harsh's crimes occurred after July 1, 2006, if Harsh is released from prison he must be placed on parole pursuant to subsections (b)(5) and (u) of K.S.A. 2006 Supp. 22-3717. Therefore, the district court erred in imposing lifetime postrelease su-

pervision. However, this error does not require us to remand this case for resentencing.

Parole is separate and distinct from the sentence. *State v. Carr*, 274 Kan. 442, Syl. ¶ 3, 53 P.3d 843 (2002). If Harsh ever leaves prison, it will be because the successor to the Kansas Parole Board granted him parole. See *State v. Cash*, case No. 104,180, 2011 WL 4862449, at *4 (Kan. 2011). The portion of Harsh's sentence ordering lifetime postrelease supervision is hereby vacated.

Affirmed in part and vacated in part.