NOT DESIGNATED FOR PUBLICATION

No. 113,768

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARL COOK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Opinion filed May 6, 2016. Affirmed.

*Ryan Eddinger* and *Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, of Office of the Kansas Attorney General, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*: Carl Cook pled guilty to two counts of aggravated indecent liberties with a child under the age of 14. Because these crimes are so serious, the Kansas Legislature has provided—in what's known as Jessica's Law—that the presumptive penalty be life in prison with no possibility of parole for 25 years. See K.S.A. 2015 Supp. 21-5506(b)(3)(A); K.S.A. 2015 Supp. 21-5506(c)(3); K.S.A. 2015 Supp. 21-6627. The district court denied Cook's request for a shorter sentence, and Cook has appealed.

Cook contends that the district court abused its discretion when it denied his request. Specifically, he asserts that the court did not consider all the reasons he gave for granting the request and did not provide an adequate explanation of its denial. But the district court stated on the record that it considered everything presented to it in support of granting the request, and it was not required to give specific reasons for denying the request. See *State v. Harsh*, 293 Kan. 585, 587, 265 P.3d 1161 (2011). Cook has failed to show that the district court abused its discretion by basing its decision on an error of law or fact or because no reasonable person would agree with its view. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, as part of a plea agreement, Cook pled guilty to two counts of aggravated indecent liberties with a child under the age of 14. As established in Cook's plea hearing, the victims (K.E.B., born in 2000, and K.N.B., born in 2008) were sisters. Cook dated and lived with the girls' grandmother, who would watch the girls while their mother worked at Walmart. The girls even called Cook "Grandpa." The grandmother watched the girls from August 2008 until August 2013 when their mother quit working at Walmart.

During this period of time, Cook repeatedly touched K.E.B. in a sexual way, including putting his fingers in her vagina and touching her breast with his hand. He also allegedly threatened to kill her mother and take her and her siblings away with him if she told anyone. K.N.B. also indicated that Cook had touched her in her genital area. The girls' grandmother had been home during these incidents but was ill and was not in the room when they occurred.

Before sentencing, Cook filed a motion for a durational departure—a request for the district court to impose a shorter sentence than the sentencing statutes provide. In

determining the sentences for most crimes, the district court consults a grid that provides a range of guideline sentences the judge must choose from based on the severity level of the offense (set by statute) and the defendant's criminal history. See, *e.g.*, K.S.A. 2015 Supp. 21-6804(a). But the sentences for some offenses, including child sexual abuse, are not found on the sentencing grid. Instead, the Jessica's Law statute establishes the sentences for child-sex-abuse crimes. It provides that the sentence for aggravated indecent liberties with a child under age 14 is life in prison with no chance of parole for 25 years unless the judge finds "substantial and compelling reasons" to impose a lesser sentence. See K.S.A. 2015 Supp. 21-6627; K.S.A. 2015 Supp. 21-5506(c)(3). Cook requested that the court impose a sentence "not to exceed 61 months" but provided no reasons why the court should do so and no explanation of how he arrived at that number.

At the sentencing hearing, Cook's attorney argued that the district court should grant his request because Cook had cooperated with police and had acknowledged his wrongdoing:

> "Basically, he provided them information and confessed to a certain act which resulted in the charges. Also throughout this case, he waived [the] preliminary hearing, and he then ultimately entered a guilty plea. I think his cooperation with law enforcement and the acknowledgement of his wrong in regard to these charges and ultimately entering a guilty plea . . . would establish that he acknowledges the wrongdoing in this. . . . I would submit to the Court that those would be the substantial and compelling factors necessary to grant a durational departure . . . ."

Cook also spoke on his own behalf and said that he "did no physical harm" to the victims.

In responding to Cook's request, the district court first noted that it had reviewed *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011), as a "case somewhat similar" to Cook's. The court noted that in *Spencer*, the district court had granted a departure to a lesser sentence and then placed the defendant on probation but was ultimately reversed

3

by the Kansas Supreme Court. See 291 Kan. at 799-800, 815-16. The court noted that the defense attorney in *Spencer* had presented extensive evidence and caselaw to support its motion. The district court then denied Cook's request:

> "Based on what's been presented to me this morning in support of that motion for a durational departure, the Court's going to find that there are no substantial and compelling reasons for this court to grant that departure, so [the] motion will be denied. Furthermore, I do not have to find any aggravated circumstances. However, it's clear, for the record, the age of the defendant and the age of the victim in this case, supports the court's denial of that Motion for Durational Departure."

The district court imposed life in prison with no chance of parole for 25 years for each count, to run concurrently. Cook then appealed to this court.

ANALYSIS

Cook argues that the district court abused its discretion when it denied his request for a departure because it "fail[ed] to consider the departure factors collectively and failed to provide a sufficient basis for denying the departure motion." The State contends that the district court appropriately exercised its discretion in denying Cook's motion.

We review a district court's ruling on a departure motion for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). A district court abuses its discretion when its decision is based on an error of fact or law or when no reasonable person would agree with its view. *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015).

Under K.S.A. 2015 Supp. 21-6627(a)(1) and (d)(1), the district court must impose life in prison with no chance of parole for 25 years for first-time convictions of Jessica Law offenses "unless the judge finds substantial and compelling reasons, following a

4

review of mitigating circumstances, to impose a departure." If the court *grants* the departure, it must "state on the record at the time of sentencing the substantial and compelling reasons for the departure." The statute does not contain a similar requirement for the district court to state reasons for *denying* the motion. The statute provides a non-exclusive list of mitigating circumstances, including the defendant's age, lack of significant criminal history, and extreme mental or emotional disturbance at the time of the crime. K.S.A. 2015 Supp. 21-6627(d)(2).

In *State v. Jolly*, 301 Kan. at 324, the Kansas Supreme Court outlined a step-by-step method a district court should follow to analyze Jessica's Law departure motions:

> "[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." 301 Kan. at 324.

The Kansas Supreme Court has defined the term "substantial" as "'"something that is real, not imagined; something with substance and not ephemeral"'" and has determined that "'"compelling' implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary."' [Citation omitted.]" 301 Kan. at 323.

Cook contends that the district court abused its discretion based on an error of law. Specifically, he argues that the court was wrong when it denied the departure based solely on the age of the defendant and the age of the victim and did not consider all of "the departure factors collectively." But the district court stated, "Based on what's been presented to me this morning in support of that motion . . . , the Court's going to find that

5

there are no substantial and compelling reasons for this court to grant that departure, so [the] motion will be denied." We conclude from these remarks that the court did consider all of the mitigating factors Cook raised but did not find them substantial and compelling.

Cook also asserts that a district court should be required to explain its reasoning when it denies a departure, just as it must if it grants one. But as we stated earlier, a district court is not required to explain why it denied a departure. See, *e.g.*, *State v. Remmert*, 298 Kan. 621, 631, 316 P.3d 154 (2014), *disapproved on other grounds by State v. Jolly*, 301 Kan. at 322; *Harsh*, 293 Kan. at 587 ("'Specificity by the district court judge when making his or her determination is not statutorily required' unless the court decides a departure is warranted. [Citation omitted.]")

In summary, Cook's arguments for a departure were that he had cooperated with police, confessed to a "certain act," waived his preliminary hearing, and pled guilty. On appeal, Cook also asserts he had a "limited criminal history," but he did not argue that before the district court. In other cases, the Kansas Supreme Court has concluded that a district court did not abuse its discretion in denying a defendant's request for a departure when the departure was based on the defendant's cooperation and guilty plea. See, *e.g.*, *Harsh*, 293 Kan. at 587-88; *State v. Ortega-Cadelan*, 287 Kan. 157, 165-66, 194 P.3d 1195 (2008). We find no abuse of discretion here, either. Cook has not shown that the district court's decision was based on an error of law or fact, and a reasonable person could agree with the district court's decision to deny the departure request for a lesser sentence.

We therefore affirm the district court's judgment.