NOT DESIGNATED FOR PUBLICATION

No. 127,489

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GABRIAELLE AKIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JASON R. LANE, judge. Submitted without oral argument. Opinion filed January 17, 2025. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Gabriaelle Akin, at her sentencing hearing for committing the crimes of aggravated criminal sodomy and aggravated indecent liberties with a child, requested a downward durational departure sentence. The district court denied her motion and sentenced Akin to two consecutive terms of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years on each count. Akin now timely appeals the district court's denial of her departure motion, claiming the district court abused its discretion. Upon a careful and extensive review of the record, we observe no abuse of discretion. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are well known to the parties and will only be briefly stated. In March 2022, Akin sexually abused her eight-year-old daughter by performing sexual acts on her daughter. Akin also gave her boyfriend permission to perform sexual acts with her daughter. Akin stipulated to the facts in the affidavit.

The State charged Akin with aggravated criminal sodomy, aggravated indecent liberties with a child, and aggravated intimidation of a witness or victim. Shortly after the State charged Akin, she pled guilty to aggravated criminal sodomy, an off-grid person felony, and aggravated indecent liberties with a child, an off-grid person felony. As part of the plea agreement the State agreed to dismiss the aggravated intimidation of a witness or victim charge. The district court accepted the plea agreement and convicted Akin.

Akin timely filed a motion for durational departure seeking a sentence to the sentencing guidelines grid. See Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. In her motion, she asserted four factors showing mitigating circumstances: (1) acceptance of a guilty plea; (2) lack of prior criminal history; (3) impaired capacity; and (4) her belief she acted under duress.

In support of her durational departure motion, Akin also filed a report from Dr. Jarrod Steffan, a licensed psychologist who performed a forensic psychological evaluation. Dr. Steffan's report revealed Akin grew up in an abusive environment and her mother died when she was 13 years old. The report reflected Akin scored low on tests for cognitive functioning, showed Akin did not have a paraphilic disorder, and her involvement in this case was because of her "dependent and avoidant personality traits, concerning sexual attitudes, intellectual and problem-solving limitations, and mental health difficulties." Dr. Steffan's evaluation found Akin was low risk for sexual recidivism and recommended Akin "complete a sexual offending treatment program and

2

participate in long-term mental health services." Dr. Steffan's report was admitted at Akin's sentencing hearing.

The State requested the district court impose a sentence of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years on each conviction, arguing that Akin, as a mother, failed to protect her child. The State further claimed that "there is absolutely no substantial and compelling basis to depart." Akin responded her four factors outlined above along with Dr. Steffan's report provided substantial and compelling reasons to depart.

The district court acknowledged Akin had accepted responsibility, she did not have a criminal history, and her capacity was impaired. But the court specifically found no evidence to support Akin's claim she acted under duress or domination. The district court concluded:

> "After reviewing the mitigating factors the Court has to determine whether these factors are substantial and compelling. Substantial, under the law, means something of substance and not something that is ephemeral . . . . And compelling is something that is so compelling to the court that the court will move beyond what our legislature has told us is the appropriate sentence in these cases.
> "And, based on the totality of circumstances, although there is some substance to the lack of criminal history and to the acceptance of responsibility, under the totality of the circumstances, there are not [substantial] and compelling factors to grant a departure to the sentencing guidelines grid in this case, and the Court is denying the motion for a durational departure on these charges."

The district court also found:  "A parent who takes these actions against their own child who is powerless and to use the excuse that you were forced to do this, even when the other party wasn't around, is no excuse at all."

The district court sentenced Akin to two consecutive sentences of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years on each count.

ANALYSIS

*We Observe No Abuse of Discretion*

*Standard of Review*

On appeal, we will not reverse a sentencing court's denial of a departure motion unless the court abused its discretion in finding there was no substantial and compelling reason to depart. See K.S.A. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable . . . ; (2) it is based on an error of law . . . ; or (3) it is based on an error of fact." *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

*Discussion*

Generally, the sentence for each of Akin's convictions requires a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years. K.S.A. 21-6627(a)(1)(C) and (D). The controlling statute, K.S.A. 21-6627(d)(1), however, expressly authorizes and provides the district court may impose a departure sentence to the appropriate sentencing guideline if (1) this is the offender's first conviction and (2) "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. *Powell*, 308 Kan. at 902.

4

Akin does not argue an error of law or fact; instead, she limits her argument by claiming no other judge would reach the same conclusion as the district court did here. Thus, we will consider whether the district court's decision was arbitrary, fanciful, or unreasonable.

"[T]he proper statutory method when considering a departure from a Jessica's Law sentence is for the district court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons." *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015).

A district court need not "affirmatively disavow" weighing mitigating against aggravating circumstances when it denies a departure motion. *Powell*, 308 Kan. at 908; see also *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016) (reversing sentence when appellate court was not "wholly confident" that statutory principles outlined in *Jolly* were followed).

If a sentence other than imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years is imposed, "the sentencing court must state the substantial and compelling reasons for departure and must depart to the applicable KSGA grid box. Once the sentence becomes a [KSGA] sentence, the court is free to depart from the sentencing grid. However, departure findings must justify both steps." *State v. Gilliland*, 294 Kan. 519, 551, 276 P.3d 165 (2012).

Our review reflects the district court looked at Akin's four mitigating factors. First, the court acknowledged she took responsibility for her actions because she pled guilty to

the two charges with the understanding there was a potential penalty of imprisonment for life and, by doing so, she waived her right to a jury trial. Second, the court found Akin had no criminal history. Third, it found Akin had borderline intellectual functioning but acknowledged Akin was able to obtain her GED after dropping out of high school. Fourth, the court found no evidence supporting—at the time of Akin's actions—she acted under extreme distress or under extreme domination of another person when committing these acts. The district court then found the four factors were not substantial and compelling reasons "to grant a departure to the sentencing guidelines grid" and denied Akin's motion.

Akin now argues she acted out of fear of being blackmailed as well as being hypersensitive to perceived repercussions—as shown in Dr. Steffan's report. Dr. Steffan's report also shows Akin's life was impacted by childhood trauma—an uninvolved father who committed suicide, a mother with mental health problems who died, two abusive stepfathers, and impoverished living conditions. Akin also contends her mental health conditions have roots in the Oklahoma City bombing.

She also points out her clinical history reflects a reliance on education services and experiences with depression, anxiety, and suicidal ideation. According to Akin, in part because of these reasons, Dr. Steffan's report specified she did not have a paraphilic sexual disorder. Likewise, the report claims she also has a low chance of recidivism.

Relying on Dr. Steffan's report, Akin argues that her individual history and lack of recidivism risk do not require life sentences. Given her crimes of conviction and criminal history score, Akin contends her requested KSGA grid sentence of 155 months' imprisonment for count 1 to run consecutive to 59 months' imprisonment for count 2 for a total of 214 months' imprisonment was appropriate.

Akin contends the district court's decision to sentence her to two consecutive terms of life imprisonment with a mandatory minimum sentence of not less than 25 years on each count was incorrect. Akin further argues the Legislature permits departure from a mandatory life sentence and the district court should have granted her motion because her mitigating circumstances are like other cases where a departure sentence was granted. She maintains the point of imprisonment for life is to prevent reoffending, and she claims Dr. Steffan's report saying she has a lower chance of recidivism supports her departure motion, which should have been granted. Akin asserts no other judge would have reached the conclusion her mitigating circumstances did not justify granting her departure motion.

We disagree. Mitigating factors justifying a departure in one case may not justify a departure in all cases. *State v. Randle*, 311 Kan. 468, 482, 462 P.3d 624 (2020). Mitigating circumstances are not necessarily the same as substantial and compelling reasons. After considering mitigating circumstances, the district court then determines whether these circumstances are substantial and compelling. *Jolly*, 301 Kan. at 323. "[A] judge does not sentence in a vacuum. The sentencing judge is to consider information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime." 301 Kan. at 324.

Here, the State responds that just because the district court found there were mitigating circumstances, it was not required to find them substantial and compelling. The State also contends Akin's low recidivism argument falls short because appellate courts have upheld similar denials. See, e.g., *State v. Harsh*, 293 Kan. 585, 587, 265 P.3d 1161 (2011). The State concludes that a reasonable person could agree with the district court's conclusion.

The district court properly exercised its discretion by finding Akin's departure motion requesting a reduced sentence to the KSGA sentencing grid was not appropriate.

The court supported its decision by directing the parties to the "horrendous" facts of the case. It explained that Akin acted against a powerless child and found Akin's justification she was forced to commit these acts—even when the other party was not around—was not an excuse. We observe no abuse of discretion in the district court's denial of Akin's downward departure motion.

Affirmed.