NOT DESIGNATED FOR PUBLICATION

Nos. 127,403
127,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SARA C. BAILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed April 4, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: After reaching an agreement with the State, Sara C. Bailey pled guilty to multiple felony offenses. The district court granted Bailey's motion for a downward durational departure but denied her request for a downward dispositional departure to probation.

On appeal, Bailey contends the improvements she made in her life were significant enough to compel the district court to grant her dispositional departure sentence motion and sentence her to probation. The district court made particularized

1

findings about why public safety required Bailey to serve a prison term, and it credited her self-improvement efforts by granting Bailey's downward durational departure motion and reducing her prison term to 77 months. Our review of the record does not support Bailey's claim, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of this appeal stem from two separate criminal actions. In case 20 CR 2374, for acts committed in November 2019, Bailey was charged with one count of felony theft. In case 21 CR 234, for acts committed in October 2020, Bailey was charged with one count of possession of methamphetamine with intent to distribute, one count of possession of an opiate with intent to distribute, one count of criminal possession of a weapon by a convicted felon, one count of misdemeanor possession of drug paraphernalia, one count of misdemeanor possession of marijuana, and one count of improper sun screening or window tint.

The parties reached a global plea agreement encompassing both cases, wherein Bailey agreed to plead guilty to four charges: one count of possession of methamphetamine with intent to distribute, a severity level 1 drug felony in violation of K.S.A. 2020 Supp. 21-5705(a)(1); one count of possession of an opiate (heroin) with intent to distribute, a severity level 2 drug felony in violation of K.S.A. 2020 Supp. 21-5705(a)(1); one count of criminal possession of a weapon by a convicted felon, specifically a .45-caliber Smith and Wesson handgun, a severity level 8 nonperson felony in violation of K.S.A. 2020 Supp. 21-6304(a)(2); and one count of theft, a severity level 7 nonperson felony in violation of K.S.A. 2019 Supp. 21-5801(a)(1), for the theft of a 2016 Ford F150 truck from a Kohl's parking lot. In exchange for her pleas, the State agreed to dismiss the remaining charges, recommend the low number in the appropriate sentencing guidelines boxes, and recommend the sentences for 21 CR 234 run concurrent to one another but consecutive to 20 CR 2374 and consecutive to any other felony case. In

addition, the parties jointly recommended a dispositional departure to probation, citing the absence of any violent criminal history, Bailey's willingness to obtain substance abuse treatment, her employment and residency status, her performance on pretrial services, and her "waiver of any colorable defenses that may exist."

Prior to sentencing, Bailey filed a departure motion, moving the district court to impose a dispositional departure sentence to probation and/or a durational departure sentence. Bailey's departure motion argued there were compelling and mitigating departure factors, including the fact she took responsibility for her actions, her sobriety, and her enrollment in college. She promised to "continue to be a productive member of her community" and asked that she be given a chance at probation. Bailey stated that she had successful employment. It is unclear when she became employed because her January 2023 financial affidavit stated that she was unemployed and had been unemployed for a year.

During her allocution at sentencing in February 2024, Bailey and her counsel explained that she went to Oklahoma, was convicted of another offense, and went to prison. This prompted a stay in inpatient drug treatment and continued improvement once released on parole. Bailey was promoted at work, had enrolled in college, and actively served as a sobriety mentor to other people in recovery from addiction. Bailey acknowledged her mistakes, said she had come "a long way," and had learned a lesson after being in prison. Bailey said she wanted to "continue to go far" and asked for a dispositional departure so she could return to live with her family in Mississippi.

The district court acknowledged Bailey's "sobriety" and "all of the things you've done is a positive note." The court had concerns, however, that Bailey had pled guilty to two charges involving possession of drugs with intent to distribute and noted she had previous out-of-state convictions for distribution. For these reasons, the district court believed Bailey should serve her sentence "in prison." The district court did, however,

3

grant a durational departure in case 21 CR 234, citing "the factors set out in the plea agreement," including the "absence of any prior violent history, the defendant's willingness to obtain a substance abuse evaluation and follow recommendations, and the defendant's . . . performance while on pretrial or post-imprisonment supervision in Oklahoma."

The district court sentenced Bailey to a controlling prison sentence of 77 months, running concurrent to one another and concurrent to the sentence in 20 CR 2374 but consecutive to all other cases. The district court followed the plea agreement and imposed the low number in the grid box for case 20 CR 2374, a term of 19 months. That conviction carried a presumptive probation disposition, but Bailey elected to serve the time in prison rather than serve a probation term after her release.

Bailey appeals.

ANALYSIS

*The District Court Did Not Abuse Its Discretion by Denying Bailey's Motion for a Downward Dispositional Departure*

*Standard of Review*

Appellate courts "apply an abuse of discretion standard when reviewing a district court's determination of whether mitigating circumstances constitute substantial and compelling reasons to depart in a particular case." *State v. Harsh*, 293 Kan. 585, 585-86, 265 P.3d 1161 (2011). A judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

4

*Discussion*

A sentencing departure must be supported by "'substantial and compelling reasons'" justifying a deviation from the presumptive sentence under the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. *State v. Montgomery*, 314 Kan. 33, 35, 494 P.3d 147 (2021). K.S.A. 21-6815(c)(1) establishes a nonexclusive list of mitigating factors which a sentencing court may consider in determining whether substantial and compelling reasons exist. A sentencing court may also consider nonstatutory factors if those factors are consistent with the underlying principles of the KSGA. *Montgomery*, 314 Kan. at 38.

On appeal, Bailey renews her argument that her record of achievement warranted a downward dispositional departure. She believes her lack of violent criminal history and continuing sobriety constitute compelling and substantial factors warranting a dispositional departure.

In its ruling, the district court began by stating that the court found this case "troubling" because Bailey was not convicted of just simple possession. "This is a possession with intent case," the court explained. Bailey was convicted of possessing 977.64 grams of methamphetamine with intent to distribute. Weighing over 2 pounds, this amount of methamphetamine was almost 10 times over the amount of methamphetamine charged under K.S.A. 2020 Supp. 21-5705(d)(3)(D), possession with intent to distribute 100 grams or more. In this same case, Bailey was also convicted of possession of 39.95 grams of heroin with intent to distribute and criminal possession of a weapon, a .45-caliber Smith and Wesson handgun.

The district court also addressed Bailey's criminal history, including two out-of-state distribution convictions:

5

"You have got a long—at least 15 entries dating back to 2008 with a distribution case—previous distribution cases in 2018 in Florida and 2022 in Oklahoma. And here we are again with the cases that we have before the Court at this point in time. And those are not just possession cases. Although you have possession convictions also in your history."

Given this extensive history and the nature of the crime of convictions, the district court imposed a prison sentence which it believed was warranted in light of "the nature and circumstances of the crimes, the history, character, and condition of the defendant, the lowest minimum term, which in the opinion of the Court is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crimes."

The district court's imposition of a prison sentence, however, does not mean that it failed to consider departure factors. The district court acknowledged Bailey's efforts towards sobriety and self-improvement when imposing a significant downward durational departure. Bailey's primary conviction was possession of methamphetamine with intent to distribute, Count 1 in case 21 CR 234, which carried a presumptive sentence of 154 to 170 months' imprisonment, given Bailey's criminal history score of E. See K.S.A. 21-6805(a). The 77-month sentence Bailey received was at least a 50 percent sentence reduction from the presumptive prison sentence range.

The district court has the statutory authority to depart when there are substantial and compelling reasons to do so. K.S.A. 21-6815(a); see also *State v. Morley*, 312 Kan. 702, Syl. ¶ 4, 479 P.3d 928 (2021) ("A compelling reason to override the statutory presumptive sentence of imprisonment is one that forces a court—by the case's facts—to abandon the status quo and venture beyond the presumptive sentence."). In this case, the district court found substantial and compelling reasons to significantly reduce Bailey's prison sentences. Those reasons were not enough, however, to overcome the district court's concern about protecting public safety from Bailey's drug distribution convictions, including possessing over 2 pounds of methamphetamine and nearly 40 grams of heroin.

6

The district court did not abuse its discretion when denying Bailey's motion for a downward dispositional departure.

Affirmed.