IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,814

STATE OF KANSAS,
*Appellee*,

v.

QUORTEZ E. BROWN,
*Appellant*.

SYLLABUS BY THE COURT

1.

A defendant cannot use a motion to correct an illegal sentence to raise a constitutional claim.

2.

Courts are to interpret pro se pleadings based on their contents and not solely on their title or labels. But there are limits to a court's duty to liberally construe pro se pleadings; a court need not divine every conceivable interpretation of a motion, especially when a movant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute.

3.

A sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence.

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument May 15, 2025. Opinion filed June 6, 2025. Affirmed in part and vacated in part.

*Wendie C. Miller*, of Kechi, was on the briefs for appellant.

1

*Matt J. Maloney,* assistant district attorney, *Marc Bennett,* district attorney, and *Kris W. Kobach,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Quortez Brown, a/k/a Quartez Brown, appeals from a district judge's decision to deny Brown's pro se motion for illegal sentence. In the motion, Brown argued his hard 20 sentence was unconstitutionally imposed by a judge instead of a jury in violation of his rights under the Sixth Amendment to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights. The judge summarily denied Brown's motion, holding that the illegal sentencing statute does not provide a procedural avenue for considering Brown's claim that his sentence was unconstitutionally imposed.

Brown appeals. He renews his constitutional argument and raises two new arguments for the first time on appeal. In one of those new arguments, he contends the district judge should have considered his motion for illegal sentence as a motion under K.S.A. 60-1507; if we did so, the illegal sentencing statute's limitations that caused the judge to deny his motion would not prevent our consideration of his arguments. In the other new argument, he argues his sentence is illegal because the sentencing judge pronounced that he was subject to postrelease supervision even though in K.S.A. 22-3717(b)(2) the Legislature has mandated parole after release from prison for defendants convicted of an indeterminate life sentence for first-degree felony murder. See K.S.A. 22-3717(b)(2) (Torrence) (requiring parole); K.S.A. 21-3401 (Torrence) (murder in the first degree).

We first address the issue considered by the district judge and affirm his ruling because a sentence that does not conform to constitutional requirements does not fit within the limited, narrow statutory definition of an illegal sentence under K.S.A.

2

22-3504(c). Turning to the issues Brown raises for the first time on appeal, we reject Brown's argument that the judge erred in failing to consider his motion under K.S.A. 60-1507. Brown consistently argued for relief under the illegal sentence statute and made no effort to comply with the time limitations or pleading requirements of K.S.A. 60-1507. Finally, we conclude Brown makes a valid point that imposing postrelease supervision for his first-degree murder conviction was contrary to K.S.A. 22-3717(b)(2) and consequently could be corrected at any time under K.S.A. 22-3504, including on appeal. We thus vacate the sentencing judge's pronouncement of postrelease supervision. Because the journal entry of judgment complies with K.S.A. 22-3717(b)(2) and reflects that Brown is subject to parole if released from prison, we conclude remand is not necessary.

FACTUAL AND PROCEDURAL BACKGROUND

About 15 years ago, Brown and his cousin broke into Otis Bolden's apartment, shot and killed Bolden, and threatened Ashley Green with a gun. A jury convicted Brown of first-degree felony murder, second-degree murder as a lesser-included offense, aggravated burglary, and aggravated assault. The district court judge imposed a sentence of 20-years-to-life imprisonment for felony murder, 34 months for aggravated burglary, and 12 months for aggravated assault. *State v. Brown*, 300 Kan. 565, 568-70, 331 P.3d 797 (2014). The judge also pronounced that Brown was subject to "postrelease supervision duration of life." Despite the judge's pronouncement, the journal entry of judgment ordered parole rather than postrelease supervision. An amended journal entry of judgment was filed more than a year-and-a-half later; it also showed the judge ordered parole.

Brown appealed his convictions and sentences to this court, alleging many errors. We rejected most of Brown's arguments, including his contention that error occurred under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348

3

(2000), when the district court judge considered his prior convictions at sentencing. See *Brown*, 300 Kan. at 567, 590 (citing *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 [2002]). But we reversed and remanded the case to the district court for further action because (1) the district judge allowed the withdrawal of Brown's pro se motion for new counsel, apparently outside Brown's presence and without asking whether Brown consented to that action and (2) the record reflected an incorrect severity level for Brown's second-degree murder conviction. 300 Kan. at 567, 590.

On remand, the district judge held an evidentiary hearing about Brown's request for new counsel and determined that Brown failed to establish a conflict or "justifiable dissatisfaction with his appointed defense counsel and therefore his request for substituted counsel is without merit." The judge also determined that "Brown had adequate representation throughout the proceedings and was not prejudiced by the withdrawal of his motion for substituted counsel." In addition, the judge entered a nunc pro tunc order correcting the severity level of Brown's conviction for second-degree murder. Another amended journal entry was then filed; as with the earlier journal entries, the order reflected that Brown was subject to parole if released from prison.

After the remand proceedings, Brown appealed a second time. He contended the district judge abused his discretion when holding that Brown failed to establish a conflict or justifiable dissatisfaction with his attorney. We found no merit in his arguments, noting that this "means we have now rejected all of Brown's attacks on his convictions and sentence made on direct appeal, and his convictions and sentences are now affirmed." *State v. Brown*, 305 Kan. 413, 428, 382 P.3d 852 (2016).

In 2023, Brown filed a collateral attack on his sentences through a pro se motion to correct an illegal sentence. He cited K.S.A. 22-3504, which allows a court to correct an illegal sentence at any time. His motion relies on a Hawaii case, *Flubacher v. State*, 142 Haw. 109, 119, 414 P.3d 161 (2018), in which the Hawaii court ordered a defendant

4

be resentenced because his original sentence was illegal under *Apprendi*. But Brown did not address how this case, finding illegality for a failure to conform to the Constitution, could apply under the limitations in K.S.A. 22-3504, which does not provide for redress of constitutional violations, or under Kansas caselaw. The district court denied the motion, concluding a claim that a sentence fails to conform to a constitutional requirement is not a claim that can be addressed under K.S.A. 22-3504.

This appeal followed, and we have jurisdiction to consider it. *State v. Cook*, 319 Kan. 777, 778-79, 560 P.3d 1188 (2024) (court with jurisdiction over direct appeal has appellate jurisdiction over postconviction motion to correct illegal sentence).

ANALYSIS

We first consider the merits of the district judge's ruling and then address the two issues Brown raises for the first time on appeal: the district judge should have converted his motion to one under K.S.A. 60-1507 and his sentence is illegal because it imposed postrelease supervision and that illegality entitles him to a new proceeding before a jury.

1.      *Constitutional claims not covered by K.S.A. 22-3504*

K.S.A. 22-3504 allows a court to correct an illegal sentence in only specifically defined and narrow circumstances. This limitation flows from the statute's definition of "illegal sentence," which is a sentence that is "[i]mposed by a court without jurisdiction," "does not conform to the applicable statutory provision, either in character or punishment," or "is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1). We review de novo a district court's summary denial of a motion to correct an illegal sentence, including a denial because a defendant's arguments do not fit within one of the three statutory categories defining an illegal sentence. *State v. Martis*, 319 Kan. 650, 651, 556 P.3d 888 (2024).

5

Brown contends his argument falls under the category of nonconformance with a statute. He argues his "sentence does not conform, to the applicable statutory provisions, K.S.A. 21-4706(c) or K.S.A. 22-3717, either in character or punishment." He makes this complaint, "because the statutes, while silent as to fact finding, require the imposition of the mandatory sentence authorized—life imprisonment—with no parole eligibility for 20 years—which should only be imposed based on factual findings made by a jury." But, as this suggests, Brown's sentence conformed to the statutory requirement of life imprisonment for a minimum of 20 years for Brown's first-degree murder conviction. K.S.A. 22-3717(b)(2) (requiring parole); K.S.A. 21-3401 (murder in the first degree). Brown's real complaint is that the statutes failed to provide a procedure where a unanimous jury would make findings he contends must be made to "allow for an increase to the mandatory minimum sentence." He relies on *Apprendi*, 530 U.S. 466, and *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), to support his argument. These decisions apply the Sixth Amendment to the United States Constitution, and Brown's arguments rest on this constitutional analysis as illustrated by the Hawaii decision in *Flubacher*, 142 Haw. 109, that he cites for support of his argument.

Brown makes constitutional claims, even though he indirectly asserts constitutional insufficiencies in Kansas statutes when he speaks of the statute's silence about fact-finding. Attacks on the constitutionality of the sentencing statutes or the sentencing procedure do not equate to a failure to conform to the statute and do not meet the definition of an illegal sentence. As we have said, "[a] claim that a sentence fails to conform to *constitutional* requirements is not a claim it fails to conform to *statutory* requirements. Thus, the defendant's claim does not fit within the limited, narrow definition of an illegal sentence." *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006). We most recently reaffirmed the holding that K.S.A. 22-3504 does not apply to constitutional claims in *State v. Johnson*, 320 Kan. 246, 249, 564 P.3d 782 (2025).

Simply put, Brown has used an improper procedural vehicle for his constitutional challenge. "A court should not reach the merits of a motion when there is a procedural bar." *Martis*, 319 Kan. at 652. We thus agree that the district judge properly dismissed Brown's constitutional argument. But that does not end our inquiry because Brown raises two new issues on appeal.

2.      *No error in not invoking K.S.A. 60-1507*

Turning now to Brown's arguments raised for the first time on appeal, he asks us to consider his pro se motion to correct an illegal sentence as a motion for relief under K.S.A. 60-1507. As Brown notes, courts should liberally construe pro se pleadings based on their content and not solely on their title or labels "so as to do justice." K.S.A. 2024 Supp. 60-208(e); *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). But the State aptly points to *Redding*'s holding that "there are limits to a court's duty . . . . A court is not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." *Redding*, 310 Kan. at 18.

Here, Brown did exactly that. His motion cited the illegal sentence statute, discussed the definition of an illegal sentence, and relied on K.S.A. 22-3504's language allowing an illegal sentence to be corrected at any time. In contrast, K.S.A. 60-1507 "is a separate avenue with its own procedures and rules that limit when its relief may be available to a petitioner." *Cook*, 319 Kan. at 780. K.S.A. 60-1507(f)(1) imposes a one-year time limit that "may be extended by the court only to prevent a manifest injustice." K.S.A. 60-1507(f)(2). Brown's 2023 motion, filed more than six years after the last appellate mandate in his direct appeal, would have been facially untimely but asserts no basis for us to conclude manifest injustice exists. In fact, in Brown's reply brief before us, he recognizes that the issue of "[w]hether manifest injustice exists to consider the motion outside the one-year time limitation should first be considered in the district court."

7

Given those circumstances, we will not now construe his motion as one under K.S.A. 60-1507.

3. *Illegality of Brown's postrelease supervision*

Finally, Brown argues for the first time on appeal that the district court erred by announcing from the bench during the sentencing hearing that Brown was subject to "postrelease supervision duration of life" rather than lifetime parole as required by the statute. See K.S.A. 22-3717(b)(2); K.S.A. 21-3401 (murder in the first degree). The journal entry of judgment (and the amended journal entries that followed) deviated from this oral announcement, stating that Brown was subject to lifetime parole.

Brown did not object during the sentencing hearing or in postconviction proceedings. Even so, his arguments are properly before us because illegal sentences may be corrected at any time, including when raised for the first time on appeal. See *State v. Steinert*, 317 Kan. 342, 350-51, 529 P.3d 778 (2023). The State concedes that preservation is not an obstacle for Brown, and it concedes the merits of Brown's claim.

We agree. We have recognized that "'a sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence,'" like the hard 20 sentence imposed here. *State v. Boswell*, 314 Kan. 408, 418, 499 P.3d 1122 (2021) (quoting *State v. Fraire*, 312 Kan. 786, 797, 481 P.3d 129 [2021]). "Such sentences are illegal because they fail to conform to the applicable statutory provision." *State v. D.W.*, 318 Kan. 575, 581, 545 P.3d 26 (2024) (citing the illegal sentence statute, K.S.A. 22-3504[c][1]). Instead, the sentencing statute applicable to this case required the district court to impose lifetime parole. See K.S.A. 22-3717(b)(2); K.S.A. 21-3401 (murder in the first degree).

8

The State emphasizes that the journal entry of judgment deviated from the judge's verbal order and instead reflected an order of lifetime parole. The written order thus complied with K.S.A. 22-3717(b)(2). But as Brown notes, a sentence is effective when pronounced. *D.W.*, 318 Kan. at 581. Further, "the journal entry is intended to enshrine the pronounced sentence, not correct any errors or omissions made during its pronouncement." *State v. McMillan*, 319 Kan. 239, 252, 553 P.3d 296 (2024). Given that, we conclude that the district judge's pronouncement deviated from the statutory requirement of parole and was illegal.

Brown argues that given that error he is entitled to have his entire sentence vacated and to have a new sentencing proceeding before a jury. But that deviates from our caselaw. In *State v. Harsh*, 293 Kan. 585, 590, 265 P.3d 1161 (2011), for example, the district judge erroneously imposed lifetime postrelease supervision instead of parole as required by statute. We concluded that error did not require a remand for resentencing. After discussing K.S.A. 21-4703, which defines parole and postrelease supervision as used in the Kansas Sentencing Guidelines Act, we noted that "[p]arole is separate and distinct from the sentence. If [the defendant] ever leaves prison, it will be because the successor to the Kansas Parole Board granted him parole. [Citation omitted.]" 293 Kan. at 590. We also noted that the Legislature mandated when a defendant receives parole versus postrelease supervision. Given that statutory framework, we concluded the district court's error of pronouncing postrelease supervision "does not require us to remand this case for resentencing" and instead allows us to vacate "[t]he portion of [the defendant's] sentence ordering lifetime postrelease supervision." 293 Kan. at 590. Recently, in *Johnson*, we reaffirmed that outcome, stating "the improper imposition of lifetime postrelease supervision may be vacated on appeal, allowing the district court to correct the judgment without engaging in further proceedings." 320 Kan. at 249.

In *Johnson*, as in other cases, we have remanded the case to the district court for an amended journal entry that reflects the effect of the appellate mandate. 320 Kan. at

9

249-50; see, e.g., *Boswell*, 314 Kan. at 418. Here, remand is unnecessary because the journal entry and its amendments align with our order to vacate the pronouncement of postrelease supervision. See *Boswell*, 314 Kan. at 418 ("An illegal sentence may be corrected without a new sentencing hearing when our mandate and opinion will be 'determinative of the action.'") While the journal entry failed to accurately reflect the sentence pronounced by the district court, it accurately reflects the effect of our mandate and the sentence required by Kansas law.

We therefore vacate the oral pronouncement and leave in place the amended journal entry of judgment.

In summary, we vacate the lifetime postrelease supervision pronounced at sentencing and affirm the amended journal entry of judgment's order of parole and the district court's summary denial of Brown's pro se motion to correct an illegal sentence.

Affirmed in part and vacated in part.

WILSON, J., not participating.