NOT DESIGNATED FOR PUBLICATION

No. 127,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID A. SHAPLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

CLINE, J.: David A. Shapley appeals the denial of his motion for a sentencing departure greater than the departure recommended in the parties' plea agreement. But our review of the record reveals no error in the district court's decision. The factors that Shapley cites to support his request were considered in granting the departure he received and the district court properly exercised its discretion by finding a more extensive departure was not appropriate.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts here are well known to the parties. In 2016, Shapley, who was in his seventies at the time, sexually abused C.B. when she was 9 or 10 years old. Shapley stipulated to the sexual abuse.

The State charged Shapley with rape of a child who is under 14 years old and two counts of aggravated indecent liberties with a child, which are all off-grid person felonies. K.S.A. 21-5503(a)(3), (b)(2); K.S.A. 21-5506(b)(3)(A), (c)(3). Shapley eventually pled guilty to rape. In exchange for his guilty plea, the State agreed to dismiss the other charges and recommend a downward durational departure to the Kansas Sentencing Guidelines Act (KSGA) grid range for a severity level 1 person felony. The parties also agreed that Shapley could argue for an additional departure from the guidelines. The district court accepted Shapley's guilty plea and convicted him.

Shapley filed a motion for durational departure seeking, in addition to the negotiated sentence in the plea agreement, a further departure to one-half of what the sentence would be according to the sentencing guidelines grid range. In his motion to support the departure under the plea agreement, he argued several mitigating circumstances including his lack of previous criminal convictions, his age, and the plea negotiations between the parties.

In Shapley's request for a further departure, he relied on his acceptance of responsibility, his cooperation in the investigation, the combination of the circumstances in his case, and a report from Dr. Jarrod Steffan as mitigating circumstances supporting further departure. After performing a forensic psychological evaluation on Shapley, Dr. Steffan concluded Shapley presented a very low risk for sexual recidivism and would be compliant with conditions of community supervision.

At sentencing, Shapley repeated the arguments in his motion. In response, the State noted that many of the mitigating circumstances Shapley cited were already considered when negotiating the plea agreement. It also discussed the victim's impact statement and C.B.'s comments about how Shapley's actions affected her and her family. The State asked the district court to follow the standard number of the appropriate guidelines grid box and impose a sentence of 155 months. When Shapley addressed the court on his own behalf, he mentioned that he had medical conditions—a pacemaker, a defibrillator, and spinal stenosis all the way through his back, which was getting worse. He also said C.B. had contacted him because she was hiding from her uncle.

Ultimately, the district court granted the departure to the guidelines and noted Shapley's age, his lack of criminal history, and his acceptance of responsibility as reasons to depart to the grid. But it denied his request for a further departure. The court sentenced Shapley to 155 months in prison.

Shapley appeals his sentence. He contends the district court abused its discretion at sentencing because he presented substantial and compelling reasons to support further departure in his sentence.

REVIEW OF SHAPLEY'S APPELLATE CHALLENGE

In 2006, our Legislature passed "Jessica's Law," which significantly increased penalties for sexual offenses involving minors. L. 2006, ch. 212, § 2 (now K.S.A. 21-6627). Sentencing under Jessica's Law generally provides for a life sentence with a mandatory minimum term of imprisonment. K.S.A. 21-6627(a)(1). The statute, however, expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 21-6627(d). If it is the offender's first Jessica's Law conviction, the district court may depart from the mandatory minimum and impose a sentence under the KSGA if, "following a review of mitigating circumstances," the court

finds substantial and compelling reasons to do so. K.S.A. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

An appellate court reviews a district court's determination as to whether there are substantial and compelling reasons to depart for abuse of discretion, which is an exceptionally deferential standard. A district court exceeds its discretion by ruling in a way no reasonable person would under the circumstances, by ignoring controlling facts or relying on unproven factual representations, or by acting outside the legal framework appropriate to the issue. *Powell*, 308 Kan. at 902-03.

Shapley contends his lack of recidivism risk as shown in Dr. Steffan's report suggests an additional sentencing departure was appropriate. He also claims his individual circumstances—his age, lack of criminal history, cooperation, responsibility, and honesty with police—support such a departure. He submits the district court abused its discretion because it failed to appreciate these factors and grant a further departure.

Shapley also claims that any possibility of re-offense is cured by the fact that if he received a lesser sentence he would be subjected to lifetime postrelease and lifetime registration at 90 years old. He also argues that because he was out on bond for 11 months before sentencing and did not violate his bond conditions, he is amenable for postrelease supervision following a shorter sentence.

The State, on the other hand, argues that even accepting these factors at face value, Shapley already received the benefit of them through the plea agreement and the mitigated guideline sentence of 155 months. It contends Shapley does not explain why these factors compel a further departure to a sentence of roughly 77 months. And it undercuts Shapley's reasoning by pointing out he has overstated the facts on which he relies to support his request.

We agree. The court acknowledged Shapley's age, how he took responsibility, and his lack of criminal history and used these as reasons to depart to the grid and sentence him to 155 months. And, at a closer glance, the other factors that Shapley cites, while perhaps presenting mitigating circumstances, do not amount to substantial and compelling reasons to depart. See *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015). Shapley claimed the victim came onto him rather than recognizing the wrongdoing of his actions. And Dr. Steffan's report revealed that Shapley admitted to sexually abusing the victim multiple times at his home. While Dr. Steffan concluded that Shapley had a low chance of recidivism, he still recommended Shapley complete a sexual offender treatment program, based on the nature of the sexual abuse that resulted in the charges and conviction and the fact that Shapley admitted to "nearly" attempting a sexual offense with a 12-year-old when Shapley was in his thirties.

Kansas appellate courts have upheld denials of departure motions based on grounds like those which Shapley asserts here. See, e.g., *State v. Harsh*, 293 Kan. 585, 587-88, 265 P.3d 1161 (2011). In Shapley's case, the district court properly exercised its discretion by granting Shapley a significant departure based on the mitigating factors Shapley argued but declining to find those factors provided substantial and compelling reasons to depart further. Shapley has not persuaded us that the district court acted unreasonably and so we affirm its denial of Shapley's downward departure motion.

Affirmed.