NOT DESIGNATED FOR PUBLICATION

No. 128,009

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY KIM HANNA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: After Randy Kim Hanna pleaded guilty to four counts of aggravated battery, the district court sentenced him to a durational departure sentence of 36 months. Hanna appeals, arguing the district court abused its discretion by denying his motion for a dispositional departure and by granting a lesser durational departure than he requested. Finding no abuse of discretion, we affirm.

*Factual and Procedural Background*

In November 2021, Hanna's vehicle collided with an SUV carrying the driver, her three children, and a family friend. The driver suffered a rib fracture, and one of her children suffered a fracture in the hip area requiring immediate surgery. Hanna was traveling 73 miles per hour when he crashed into the victim's vehicle. Immediately after the crash, Hanna took off running but witnesses pursued him and brought him back to the scene. Officers took him to a local hospital where his blood alcohol content (BAC) was found to be .172, over twice the legal limit.

The State charged Hanna with four counts of aggravated battery while driving under the influence (DUI), speeding, driving without insurance and registration, and expired tags. Hanna bonded out of jail a year before sentencing. At his arraignment, Hanna pleaded not guilty to all counts. The State and Hanna later entered a plea agreement in which Hanna pleaded guilty to four counts of aggravated battery and in exchange the State dismissed all other counts.

Before sentencing, Hanna moved for a dispositional departure or, alternatively, a durational departure sentence. Hanna argued that substantial and compelling reasons justified a dispositional departure from imprisonment to probation. He testified that while out on bond, he relied on support from his family while treating his addiction. Multiple members of Hanna's family wrote letters of recommendation to the district court, and defense counsel argued that Hanna should be granted probation so he could continue to receive family support. Hanna's employer also wrote a letter attesting to Hanna's strong work ethic and attitude. Defense counsel argued that Hanna's months' long period of sobriety supported probation.

In the alternative, Hanna asked the court to depart downward to a 30-month prison sentence. The State recommended that the district court sentence Hanna to 41 months in

prison—the low number in the relevant grid box for the severity of Hanna's crime and criminal history score. The State argued that Hanna's decision to drive drunk resulted in severe injuries. The State explained that even years later, the child victims of the car wreck were still suffering emotional effects, as the two children were afraid to travel in a vehicle. The State also pointed to Hanna's BAC being .172, over twice the legal limit, and that Hanna was driving 112 miles per hour seconds before the crash as reasons to not depart from the 41-month presumptive sentence.

The district court sentenced Hanna to 36 months in prison for the primary offense of aggravated battery level 5 in violation of K.S.A. 21-5413(b)(3)(A), (g)(2)(C) and three other counts of aggravated battery level 8 in violation of K.S.A. 21-5413(b)(3)(B), (g)(2)(D). Hanna had a criminal history score of F. The district court thus denied Hanna's motion for a dispositional departure but granted a durational departure sentence of 36 months in prison.

Hanna timely appeals the district court's sentence.

*Did the district court abuse its discretion in sentencing Hanna?*

Hanna argues the district court abused its discretion by denying his motion for probation and by not imposing a shorter sentence.

Departure sentences are subject to appeal by the defendant or the State unless a more specific provision divests the court of jurisdiction. K.S.A. 21-6820(a); *State v. Cooper*, 54 Kan. App. 2d 25, 27, 394 P.3d 1194 (2017). The statute governing appeals of departure sentences "makes no distinction between a favorable or unfavorable departure. Nor does it express the departure is not appealable because it is 'enough.'" *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014) (holding that jurisdiction existed to

3

review appeal of sentence where district court granted defendant's request for downward durational departure but denied his request for downward dispositional departure).

This court reviews a district court's departure decision for abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). An abuse of discretion occurs "when the judicial action is (1) based on an error of fact, (2) based on an error of law, or (3) unreasonable." 312 Kan. at 710. Hannah alleges solely that the district court's decision was unreasonable.

The sentencing judge is required to impose the presumptive sentence set by the revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., "unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 21-6815(a). "The term 'substantial' in the sentencing departure context means something that is real, not imagined, and of substance, not ephemeral." *Morley*, 312 Kan. 702, Syl. ¶ 3. To constitute a compelling reason to impose a departure sentence, the reason must force a court, by the case's facts, "to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. 702, Syl. ¶ 4. When a district judge grants a departure, the judge must state the substantial and compelling reasons for the departure on the record at the time of sentencing. K.S.A. 21-6815(a). But the judge is not required to make any findings if the judge denies a motion for departure. See *State v. Florentin*, 297 Kan. 594, 601-02, 303 P.3d 263 (2013), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015).

Hanna contends that the district court was unreasonable in denying his departure motion. He contends that he deserved a dispositional departure or at least a greater durational departure than the district court imposed because: (1) he accepted responsibility by entering a guilty plea; (2) he began recovery for his addiction following the accident; (3) he had a stable job and a supportive family; (4) he wanted to continue

building a relationship with his daughter; and (5) he desired to continue to work to pay restitution and continue his success in sobriety.

The State counters that the district court did not abuse its discretion, as shown by: (1) Hanna's decision to drive while having a BAC twice the legal limit, injuring multiple innocent victims; (2) Hanna was driving 112 miles per hour seconds before the crash and 73 miles per hour at the time of the crash; (3) he fled the scene of the accident; (4) he had a prior DUI conviction; and (5) victim impact statements showed that two children were still dealing with emotional damage years after the accident.

The district court considered all the factors and determined that although Hanna was entitled to a departure sentence, he was not entitled to as great an amount as he had requested. The district court cited the serious injuries suffered by the victims of the crash, Hanna's substance abuse issue, and his high BAC. A reasonable person could agree with the district court's decision that neither a greater departure nor probation was merited under these circumstances. Thus, the district court's decision was not arbitrary, fanciful, or unreasonable, and was not based on an error of law or fact. See *State v. Tafolla*, 315 Kan. 324, 328-29, 508 P.3d 351 (2022); K.S.A. 22-3716(c)(7)(B), (C). We find no abuse of discretion.

Affirmed.